PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED ZAID SALEM ZUHAIR, *Petitioner*, v. GEORGE W. BUSH, ROBERT GATES, REAR ADM. MARK H. BUZBY, and ARMY COL. BRUCE VARGO, *Respondents*. | Civil Action No. 08-864 (EGS) |

**PETITIONER'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Petitioner Ahmed Zaid respectfully moves for entry of the Amended Protective Order (hereinafter, "Protective Order")[1] first entered by Judge Green, *In re Guantánamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. 2004), and thereafter entered as a matter of procedure in cases brought by hundreds of detainees held at the United States Naval Station at Guantánamo Bay, Cuba ("Guantánamo").[2]

### INTRODUCTION

Petitioner Ahmed Zaid nears his sixth year of detention without charge or trial at Guantánamo. Petitioner, a Saudi Arabian citizen, has little or no knowledge of the English language or the American legal system, and has had no access to legal education materials since his detention at Guantánamo. Until recently, Petitioner had been held

---

[1] The Protective Order is comprised of three orders, attached hereto as Exhibits 1-3: (1) the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004)); (2) the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004; and (3) the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004.

[2] Pursuant to Local Civ. R. 7(m), counsel for Petitioner requested consent to the relief sought in this motion from Respondents' counsel by email on May 31, 2008 and again by telephone on June 5, 2008. Respondents' counsel Andrew I. Warden stated that his clients would oppose the motion.

1

incommunicado and without the assistance of counsel.[3]  On May 19, 2008, Petitioner filed a petition with this Court for the writ of habeas corpus.

Petitioner now moves the Court for entry of the Protective Order to facilitate access to counsel.  While the substance of Petitioner's habeas corpus rights is awaiting a final determination by the Supreme Court in *Boumediene v. Bush*, 127 S.Ct. 3078 (June 29, 2007) (No. 06-1195) and *Al Odah v. United States*, 127 S.Ct. 3067 (June 29, 2007) (No. 06-1196), this Court retains jurisdiction to enter the Protective Order in Petitioner's case, and has entered the Protective Order in numerous similar habeas petitions lodged after the enactment of the Military Commissions Act ("MCA").  Moreover, this Court has firmly established Guantánamo petitioners' right of meaningful access to counsel as provided by the Protective Order, and Petitioner is entitled to the full scope of the right. Entry of the Protective Order will also avoid prejudice by enabling counsel to prepare for habeas litigation so that once *Boumediene* is decided, Petitioner will be ready to proceed immediately on the issues along with the other Guantánamo petitioners.

## ARGUMENT

**I.     This Court Has Jurisdiction to Enter the Protective Order in Petitioner's Case.**

This Court has unequivocal jurisdiction to enter the Protective Order in Petitioner's case.  The Court has entered the Protective Order in numerous other habeas cases lodged after the enactment of the MCA, despite any unsettled questions regarding the scope of a Guantánamo detainees' habeas corpus rights.  *See, e.g.*, *Al Gahtani v. Bush*, No. 06-cv-1769 (D.D.C. Jan. 11, 2007) (RCL); *Abdessalam v. Bush*, No. 06-cv-

---

[3] Petitioner filed his Petition For Immediate Release And Other Relief Under Detainee Treatment Act Of 2005 And, In The Alternative, For Writ Of Habeas Corpus ("DTA Petition") on June 15, 2007 in the United States Court of Appeals for the D.C. Circuit.  *Zaid v. Gates*, Civ. No. 07-1221.

2

1761 (D.D.C. Dec. 22, 2006) (ESH); *Al-Zarnouqi v. Bush*, No. 06-cv-1767 (D.D.C. Dec. 4, 2006) (RMU), *Hentif v. Bush*, No. 06-cv-1766 (D.D.C. Nov. 21, 2006) (HHK); *Saleh v. Bush*, No. 06-cv-1765 (D.D.C. Nov. 17, 2006) (HHK); *Feghoul v. Bush*, No. 06-cv-0618, 2006 WL 3096856 (D.D.C. Oct. 31, 2006) (RWR); *Lal v. Bush*, No. 06-cv-1763 (D.D.C. Oct. 29, 2006) (CKK) (all entering Protective Order after enactment of MCA). This Court has recognized that "[d]espite the lack of finality regarding the issues on appeal," granting a detainee's motion for entry of the Protective Order "is not the type of interim relief that even remotely risks infringing on the Court of Appeals' possible jurisdiction." *Al-Zarnouqi v. Bush*, No. 06-cv-1767, at 2 (D.D.C. Dec. 4, 2006) (citing *Feghoul v. Bush*, No. 06-cv-618, 2006 WL 3096856, at 1 (D.D.C. Oct. 31, 2006)) (internal quotations and citation omitted).

Furthermore, it is "well-settled" that until jurisdiction is determined not to exist, "the District Court has the authority to issue such orders as necessary to preserve its own jurisdiction and to maintain the status quo." *Said v. Bush*, 2006 U.S. Dist. LEXIS 60044, 18-19 (D.D.C. 2006) (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 290-93, 67 S. Ct. 677, 91 L. Ed. 884 (1947)). A protective order, "like any ongoing injunction, is always subject to the inherent power of the district court . . . even after judgment." *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993). Moreover, the D.C. Circuit has held that this Court's authority to issue orders preserving its jurisdiction includes the authority to preliminarily enjoin Respondents from transferring detainees to other countries. *Belbacha v. Bush*, 520 F.3d 452 (D.C. Cir. Mar. 14, 2008) (holding that MCA does not deprive Court of jurisdiction to issue preliminary injunctions barring transfer of detainees to countries where they face risk of torture). The instant

3

motion only involves the entry of a protective order, a matter of mere procedure in the Guantánamo habeas cases. Thus, it is well within the Court's authority to enter the Protective Order and to preserve the Court's jurisdiction over Petitioner's habeas application pending the Supreme Court's determination.

### II. Petitioner is Entitled to the Full Scope of Access to Counsel Provided By the Protective Order.

This Court has established Guantánamo detainees' right to counsel in habeas proceedings under the federal habeas statute, 28 U.S.C. § 2241, the Criminal Justice Act, 18 U.S.C. § 3006A, and the All Writs Act, 28 U.S.C. § 1651. *See Fahd Umar Abdulmajid Al-Shareef v. Bush*, 2006 U.S. Dist. LEXIS 88882 (D.D.C. 2006) (citing *Al Odah v. United States*, 346 F. Supp. 2d 1, 5-9, 14-15 (D.D.C. 2004)); *Feghoul v. Bush*, 2006 U.S. Dist. LEXIS 79147, at 3 (D.D.C. 2006) (noting that "no one doubts" petitioners' right to "a meaningful communication with counsel regarding the factual basis of petitioners' detention").

Petitioner's access to counsel may implicate constitutional concerns, since the Supreme Court may restore the habeas corpus rights of Petitioner and other Guantánamo detainees. The Supreme Court "has constantly emphasized the fundamental importance of the writ of habeas corpus in our constitutional scheme" and "has steadfastly insisted that there is no higher duty than to maintain it unimpaired." *Johnson v. Avery*, 393 U.S. 483, 485, 89 S. Ct. 747, 21 L. Ed. 2d 718 (1969) (internal quotation marks and citation omitted). This Court has expressed its unwillingness, absent contrary direction by a higher court, "to take action that might conceivably dilute the Great Writ itself or impair its exercise." *Mohammon v. Bush*, 2006 U.S. Dist. LEXIS 60186, 12-13 (D.D.C. 2006). Accordingly, the *Mohammon* Court entered the Protective Order in those petitioners'

4

habeas cases while the issue of Guantánamo detainees' habeas rights after passage of the Detainee Treatment Act of 2005 was pending in the D.C. Circuit Court of Appeals.

Access to counsel is especially urgent for the individuals detained at Guantánamo, who have been held virtually incommunicado in a foreign country since their capture, who face "an obvious language barrier," and who "almost certainly lack a working knowledge of the American legal system." *Al Odah*, 346 F. Supp. 2d at 8. Respondents have conceded the factors that render counsel access of exceptional importance in these cases. *See Mohammon*, 2006 U.S. Dist. LEXIS 60186, 11-12. For example, Respondents admit that Guantánamo detainees "are likely unfamiliar with United States law and the American legal system, typically do not speak or write English, and have access to the Court only through mail and not the Court's electronic filing system." *Id.* (citing *Nasrullah v. Bush*, Civ. No. 05-891, Resp'ts' Mot. to Stay Proceedings Pending Related Appeals and for Coordination at 5-6 (RBW) (Jun. 3, 2005)).

This Court took these extraordinary concerns into consideration in crafting the Protective Order. In *Al Odah*, 346 F. Supp. 2d 1, 5, 7, this Court rejected the Government's proposal to limit counsel access at the Government's own "pleasure and discretion," and held that this Court had the authority to "craft the procedures necessary" to enforce detainees' right to representation. Specifically, this Court rejected the Government's proposal for real-time monitoring of attorney-client meetings at Guantánamo and for mandatory classification review by litigation adversaries of attorney notes from those meetings and attorney-client Legal Mail. *Id.* at 8-9. Instead, this Court asserted the importance of the attorney-client privilege as a "bedrock principle" and set

forth an alternative framework to protect the petitioners' right to representation.  *Id.* at 12-14.

The alternative framework in *Al Odah* set the parameters for the Protective Order that was subsequently approved by Judge Joyce Hens Green in *In re Guantanamo Cases*, 344 F. Supp. 2d 174.  *Adem v. Bush*, 425 F. Supp. 2d 7, 11 (D.D.C. 2006).  Cognizant of the importance of the rights at stake, this Court has approved the "painstakingly negotiated" Protective Order to enforce detainees' right to counsel.  *Id.* at 22.  Petitioner is entitled to the full scope of access to counsel under the Protective Order that the Court has granted for all Guantánamo petitioners.

### III. Denial of the Habeas Protective Order Would Unduly Prejudice Petitioner's Habeas Petition.

Denial of the Protective Order would cause undue delay and would prejudice Petitioner's habeas petition.  Entry of the Protective Order is critical to Petitioner's ability to litigate the issues raised by his habeas petition in the event the Supreme Court affirms this Court's jurisdiction over Petitioner's habeas petition.  Access to counsel under the Protective Order would allow counsel to discuss with Petitioner the complex legal and factual issues surrounding Petitioner's habeas petition, and otherwise prepare for robust litigation of Petitioner's rights under the Great Writ.  Granting counsel access to Petitioner under the Protective Order will ensure the parties are in a position to proceed immediately on the issues raised in Petitioner's habeas case once *Boumediene* is decided.  Time is of utmost importance for Petitioner, whose right to challenge the legality of his detention has been denied for almost six years.

## **CONCLUSION**

For the reasons set forth above, Petitioner respectfully requests that the Court enter the Protective Order.

Dated: June 6, 2008

                              Respectfully submitted,

                              ____/s/_____
                              Ramzi Kassem, Esq.
                              Michael J. Wishnie, Esq.
                              Anand Balakrishnan (Law Student Intern)
                              Jessica Chen (Law Student Intern)
                              Darryl Li (Law Student Intern)
                              Madhuri Kumar (Law Student Intern)

                              Allard K. Lowenstein International Human
                                  Rights Clinic
                              National Litigation Project
                              Yale Law School
                              127 Wall Street
                              New Haven, CT 06511
                              (203) 432-0138
                              ramzi.kassem@yale.edu

                              *Counsel for Petitioner*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AHMED ZAID SALEM ZUHAIR,<br><br>    *Petitioner*,<br><br>           v.<br><br>GEORGE W. BUSH, ROBERT GATES,<br>REAR ADM. MARK H. BUZBY, and<br>ARMY COL. BRUCE VARGO,<br><br>    *Respondents*. | Civil Action No. 08-864 (EGS) |

**[PROPOSED] ORDER GRANTING PETITIONER'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

    **IT IS HEREBY ORDERED THAT** Petitioner's Motion for Entry of Protective Order is GRANTED.

                                                  _____

Dated:

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2008, I caused a true and accurate copy of Petitioner's Motion for Entry of Protective Order and the Proposed Order to be served upon the following person, by electronic filing and via first class mail:

Andrew I. Warden, Esq.
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20530

                                                ___/s/_____
                                                Ramzi Kassem
                                                Allard K. Lowenstein International Human
                                                      Rights Clinic
                                                National Litigation Project
                                                Yale Law School
                                                127 Wall Street
                                                New Haven, CT 06511
                                                (203) 432-0138
                                                ramzi.kassem@yale.edu