PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED ZAID SALEM ZUHAIR, | |
| *Petitioner*, | |
| v. | Civil Action No. 08-864 (EGS) |
| GEORGE W. BUSH, ROBERT GATES, REAR ADM. MARK H. BUZBY, and ARMY COL. BRUCE VARGO, | |
| *Respondents*. | |

## PETITIONER'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR STATUS CONFERENCE

Petitioner Ahmed Zaid Salem Zuhair respectfully submits this Reply to Respondents' Response to Petitioners' Motion to Lift Stay.[1]  Respondents do not oppose the lifting of stays but object to all "other relief," including the very narrow relief of a status conference, pursuant to Fed. R. Civ. P. 16(a), sought by Petitioner.  Respondents contend that a status conference "is not appropriate at this time, given the ongoing discussions before Chief Judge Lamberth" regarding the possible coordination of certain issues.  Resp't Resp. to Pet'r Mot. to Lift Stay 1.  Delay is not only unnecessary, but improper.

The Supreme Court has held that this Court must accept no further delay in the disposition of the habeas petitions of Guantánamo detainees.  *See Boumediene v. Bush*, No. 06-1195, slip op. at 66 (U.S. June 12, 2008) (Guantánamo detainees are "entitled to a *prompt* habeas hearing") (emphasis added).  The discussions with Chief Judge Lamberth do not affect the

---

[1] A stay was never entered in Mr. Zuhair's proceeding.  Accordingly, Mr. Zuhair only moves the Court for a status conference.

Supreme Court's instruction nor the ability of this Court to convene a status conference.[2]   The proper focus of those discussions, designed to assure allegiance to the Supreme Court's call for expedition, is on questions of an administrative and not substantive nature.   The substantive questions raised by Mr. Zuhair's habeas petition—such as the legality of his detention for over six years—are rooted in the specific facts of his case and are to be decided in the first instance by this District Court.   *See id.* at 2 (legality of individual Guantánamo detainee's detention "to be resolved in the first instance by the District Court"); *see also*, *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443, 475 (D.D.C. 2005) ("Whether the detention of each individual petitioner is authorized by the AUMF and satisfies the mandates of due process must ultimately be determined on a detainee by detainee basis.").   Mr. Zuhair's case is *sui generis*:   the facts and claims laid out in his Petition for a Writ of Habeas Corpus are not presented by any other detainee case and are not addressed by the discussions before Chief Judge Lamberth.   Futhermore, these issues cannot bear delay.

As detailed in his Petition for a Writ of Habeas Corpus, Mr. Zuhair has been in United States custody for over six years, and continues to languish in Guantánamo Bay without charge, trial or due process, "with no definitive judicial determination as to the legality of [his] detention." *Boumediene v. Bush*, No. 06-1195, slip op. at 69 (U.S. June 12, 2008).   Further, he is well in his third year of a hunger strike protesting his indefinite and illegal detention without charge.   In an attempt to break this hunger strike, Guantánamo staff have denied Mr. Zuhair needed medical care and subjected him to physical punishment.   Pet'r's Habeas Pet. 2.   These retaliatory actions jeopardize Mr. Zuhair's health, as well as his ability to communicate with counsel and to participate in a meaningful way in his judicial proceedings.   *Id.*

---

[2] In fact, the two discussions between some petitioners' counsel, Respondents' attorneys, Chief Judge Lamberth and Judge Hogan have already taken place and the District Court judges' meeting is scheduled for early this week, the first week of July.

It is troubling that Respondents invoke discussions intended to facilitate the speedy processing of these cases as a pretext for further delay in Mr. Zuhair's case.  Continued delay or inaction in this case runs contrary the Supreme Court's clear direction to adjudicate these cases promptly.  Any delay risks jeopardizing Mr. Zuhair's ability to participate in his habeas proceedings.  Accordingly, Mr. Zuhair requests the basic relief of a status conference to determine next steps in the adjudication of his Petition for a Writ of Habeas Corpus.

Dated: June 30, 2008

Respectfully submitted,

____/s/_____
Ramzi Kassem
Michael J. Wishnie
*Supervising Attorneys*

Anand Balakrishnan
Jessica Chen
Darryl Li
Madhuri Kumar
*Law Student Interns*

Allard K. Lowenstein International Human Rights
    Clinic
National Litigation Project
Yale Law School
127 Wall Street
New Haven, CT 06511
(203) 432-0138
ramzi.kassem@yale.edu
*Counsel for Petitioner*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2008, I caused true and accurate copies of Petitioner's Reply in Further Support of His Motion for Status Conference to be served upon the following person, by electronic filing and via the Court Security Officer:

Terry M. Henry, Esq.
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Washington, DC 20530

___/s/_____
RAMZI KASSEM
Allard K. Lowenstein International Human Rights
    Clinic
National Litigation Project
Yale Law School
127 Wall Street
New Haven, CT 06511
(203) 432-0138
ramzi.kassem@yale.edu