IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AHMED ZAID SALEM ZUHAIR, *et al.* | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-CV-0864 (EGS) |
| | ) | |
| GEORGE W. BUSH, | ) | |
| President of the United States, | ) | |
| *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**RESPONDENTS' RESPONSE TO COURT'S JULY 24, 2008 ORDER**

Pursuant to the Court's July 24, 2008 Order (dkt. No. 23), respondents hereby provide the

Court with answers to the questions posed in the Order.

This case is not in a posture for merits resolution at this time for two primary reasons.

First, a factual return has not been filed with respect to petitioner in this case.  Second, issues

related to the legal framework governing the procedures for adjudication the Guantanamo Bay

habeas cases have not been resolved.  As explained below, respondents propose a two-prong

approach for resolving these issues so this case can proceed to its merits at the earliest practicable

date.

With respect to the production of a factual return (*i.e.*, the government's best and most

current evidence supporting petitioner's detention as an enemy combatant), respondents propose

the Court adopt a rolling production framework consistent with the approach taken by Judge

Hogan in his July 11, 2008 Scheduling Order in *In Re Guantanamo Bay  Detainee Litigation*, 08-

MC-442 (TFH).  Specifically, Judge Hogan established a requirement that respondents produce

fifty factual returns each month, beginning on August 29, 2008, in the order of the earliest-filed

petitions of petitioners currently detained at Guantanamo Bay.  Given the substantial efforts that

will be required (and are already being expended) of multiple government agencies to prepare

factual returns in hundreds of Guantanamo habeas cases, respondents request that this Court

include this case within the rolling production framework established by Judge Hogan.  Under

this framework, because this case was filed on May 19, 2008, respondents anticipate producing

petitioner's factual return in the third batch of returns that would be due in late-October.[1]

During the period leading up to production of the factual return, respondents propose that

the parties brief certain legal issues are common to all of the Guantanamo habeas petitions

pending before this Court.  Briefing and resolution of these issues will be critical to placing this

case in a posture for merits resolution because it will provide the parties with appropriate

guidance from this Court concerning how merits proceedings will be conducted following

production of respondents' factual return.  Respondents suggest that the Court issue a briefing

schedule addressing the following non-exhaustive list of common questions that would benefit

from early decision.  *See Boumediene v. Bush*, 128 S.Ct. 2229, 2276 (2008) (questions

concerning conduct of merits proceedings "are within the expertise and competence of the

District Court to address in the first instance").  Briefing of similar questions before Judge Hogan

is currently ongoing.

---

[1] As recognized by Judge Hogan, "there may be situations in which an individual factual return is significantly more complicated than others or a particular detainee's circumstances present unique issues that require more time to complete the return such that processing the return would delay overall processing."  In the event such a circumstance arises with respect to petitioner's return, respondents propose that that petitioner's return be excepted from the sequencing described above.

a)      How are the habeas proceedings to be structured?

b)      What is the legal authority for detention in these cases?

c)      What is the burden of proof for establishing that detention is lawful?

d)      Which party bears the burden at different stages of the proceeding?

e)      May the parties introduce and rely on hearsay evidence?

f)      What is the standard for obtaining an evidentiary hearing, if any?

g)      What role, if any, does the record of Combatant Status Review Tribunal ("CSRT") proceedings play in the habeas proceedings?

h)      What is the availability of confrontation and compulsion rights, if any?

i)      Does the Court have jurisdiction to consider collateral claims apart from the core habeas corpus right to seek release, such as challenges to conditions of confinement or transfer?

To facilitate prompt and orderly resolution on these questions, respondents suggest that the Court issue a briefing schedule that will enable the Court to resolve these questions before filing of current factual returns, thereby placing these cases in a posture for timely resolution.

Dated: July 28, 2008                              Respectfully submitted,


                                                   GREGORY G. KATSAS
                                                   Assistant Attorney General

                                                   JOHN C. O'QUINN
                                                   Deputy Assistant Attorney General

///

///

///

///

/s/ Scott M. Marconda
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
PAUL E. AHERN
SCOTT M. MARCONA
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, D.C.  20530
Tel:  (202) 305-0169
Fax:  (202) 616-8470

Attorneys for Respondents