IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| Batarfi v. Bush | ) | Case No.  05-CV-0409 (EGS) |
| Al Habashi v. Bush | ) | Case No.  05-CV-0765 (EGS) |
| Wahab v. Bush | ) | Case No.  05-CV-886 (EGS) |
| Ahmed v. Bush | ) | Case No.  05-CV-1234 (EGS) |
| Al Sharbi v. Bush | ) | Case No.  05-CV-2348 (EGS) |
| Zuhair v. Bush | ) | Case No.  08-CV-0864 (EGS) |
| Sharifullah v. Bush | ) | Case No. 08-CV-1222 (EGS) |

_____

**MOTION TO AMEND PROTECTIVE ORDER WITH
RESPECT TO FILING OF DOCUMENTS BEFORE THIS COURT**

Respondents hereby move to amend the Guantanamo Bay habeas protective order in

order to streamline the filing of documents before this Court.

1.      The Guantanamo Bay habeas protective order consists of three separate orders, all

of which have been entered by the Court in the above-captioned cases: 1) Amended Protective

Order and Procedures for Counsel Access to Detainees at the United States Naval Base in

Guantanamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004);

2) Order Addressing Designation Procedures for "Protected Information," first issued on

November 10, 2004; and 3) Order Supplementing and Amending Filing Procedures Contained in

November 8, 2004 Amended Protective Order, first issued on December 13, 2004.

2.      Attached hereto as Exhibit 1 is a proposal to amend the procedures for submitting

filings to the Court.  Respondents request that the Court enter an order adopting these filing

procedures in the above-captioned cases[1] and vacate the current provisions of the Amended

Protective Order governing filing procedures (*i.e.*, paragraphs 46 and 47 of the Amended

Protective Order as well as the Order Supplementing and Amending Filing Procedures

Contained in November 8, 2004 Amended Protective Order).[2]   The same filing procedure

amendments have also been submitted to Judge Hogan in the coordinated Guantanamo Bay

habeas cases.  *See In re Guantanamo Detainee Litigation*, 08-MC-442 (TFH) (dkt. no. 170).

     3.      As requested by the Court Security Officers assigned to the Guantanamo Bay

habeas litigation, the amended filing procedures update and improve the process for submitting

filings to this Court in two significant respects.  First, petitioner's counsel would be authorized to

submit filings directly on Court's electronic filing system if counsel do not believe and have no

reason to believe that a filing contains classified or protected information.  Second, filings

containing only "protected information," as defined by the Amended Protective Order, but not

classified information, would be submitted pursuant to Local Civil Rule 5.1(j), the local rule of

this Court governing under seal filings.

     4.      Pursuant to Local Rule 7(m), respondents have provided the proposed filing

amendments to petitioner's counsel in the above-captioned cases.  Counsel in *Al-Sharbi v. Bush*,

05-CV-2348 (EGS), consents to the motion.  Counsel in *Batarfi v. Bush*, 05-CV-409 (EGS) does

not oppose the motion as long as the same filing procedures are entered in both *In re*

---

[1] This proposal is not being submitted in *Al Shibh v. Bush*, 06-CV-1725 (EGS).  A separate protective order proposal governing the handling and filing of TOP SECRET//SENSITIVE COMPARTMENTED INFORMATION is being be filed in that case.

[2] Respondents reserve the right to seek future modifications to the Amended Protective Order and supplemental orders as appropriate.

*Guantanamo Detainee Litigation*, 08-MC-442 (TFH) and the above-captioned cases.

Respondents' counsel have not received a response from the remaining counsel for petitioners.

     5.     For the reasons stated above, respondents respectfully request that the Court enter an order adopting respondents' amended procedures for filing documents in the above-captioned cases.   A proposed order is attached.


Dated: August 5, 2008               Respectfully submitted,

                                 GREGORY G. KATSAS
                                 Assistant Attorney General

                                 JOHN C. O'QUINN
                                 Deputy Assistant Attorney General

                                 */s/ Andrew I. Warden*
                                 JOSEPH H. HUNT (D.C. Bar No. 431134)
                                 VINCENT M. GARVEY (D.C. Bar No. 127191)
                                 JUDRY L. SUBAR (D.C. Bar 347518)
                                 TERRY M. HENRY
                                 ANDREW I. WARDEN (IN Bar 23840-49)
                                 Attorneys
                                 United States Department of Justice
                                 Civil Division, Federal Programs Branch
                                 20 Massachusetts Ave., N.W.
                                 Washington, DC  20530
                                 Tel:  (202) 616-5084
                                 Fax:  (202) 616-8470

                                 Attorneys for Respondents

# EXHIBIT 1

<u>Procedures For Filing Documents</u>

<u>Unclassified Filings By Petitioner</u>

1.      Until further order of this court, any pleading or other document filed by petitioner's counsel does not believe contains classified information and has no reason to believe contains classified information is authorized for direct filing in the CM/ECF system consistent with the regular electronic filing practices of this Court.  *See* Local Civil Rule 5.4. Presumptively classified information that petitioner's counsel has learned from petitioner, *see* Revised Procedures For Counsel Access To Detainees At The U.S. Naval Base In Guantanamo Bay, Cuba §§ IV.A.6, IX.B, but has not been determined to be unclassified, shall not be filed in the CM/ECF system.  Presumptively classified information shall be filed pursuant to the procedures specified in paragraph 2 below.

<u>Classified Filings By Petitioner</u>

2.      Any pleading or other document filed by petitioner that petitioner's counsel knows or has reason to believe contains classified information, or is uncertain whether the document contains classified information, shall be filed under seal with the Court Security Officers ("CSO").  The document must be marked with the appropriate classification marking (*e.g.*, "SECRET").  The time of physical submission to the Court Security Officers shall be considered the date and time of filing.  At the time of making a submission to the Court Security Officer, petitioner's counsel shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that a submission has been made to the CSO and specifying in general terms the nature of the filing without disclosing any potentially classified information.

A.      Upon receipt, the CSO will then deliver to the Court and counsel for respondents any pleading or other document filed by petitioner that may contain classified information.  The CSO will forward the document to the appropriate government agencies and departments for their determination as to whether the pleading or other document contains classified information.  To facilitate this review, petitioner's counsel shall identify each paragraph of the document that counsel believes may contain classified information by marking each paragraph with an appropriate classification marking or otherwise specifically identifying such paragraphs.  If, following review by the appropriate government agencies and departments, it is determined that the pleading or other document contains classified, the CSO must ensure that the document is marked with the appropriate classification marking and that the document remains under seal.  The CSO will work with the appropriate government agencies or departments to prepare a redacted version of the pleading or other document appropriate for filing on the public record.  Counsel shall then file the redacted version of the document in the CM/ECF system with a notation in the upper right hand corner of the first page stating "REDACTED VERSION FOR PUBLIC FILING CLEARED BY CSO."  The docket entry description in the CM/ECF system for the document suitable for public viewing shall make specific reference to the earlier docket entry notifying the Court that the document had been submitted to the CSO for review.

B.      In the event an entire document is deemed classified, petitioner's counsel

shall file a notice in the CM/ECF system listing the caption of the case, a version of the title of the document that does not disclose classified or protected information, and a brief statement that the CSO has informed counsel that the entire document is classified.  The docket entry description in the CM/ECF system for the document suitable for public viewing shall make specific reference to the earlier docket entry notifying the Court that the document had been submitted to the CSO for review.

        C.     If it is determined that the pleading or other document does not contain classified, counsel shall then file the full submission in the CM/ECF system and counsel shall make specific reference to the earlier docket entry notifying the Court that the document had been submitted to the CSO for review.  The docket entry description shall also state that the CSO has approved of the public filing of the document. The underlying document filed in the CM/ECF system shall contain a notation in the upper right hand corner of the first page stating "PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING."

<u>Classified Filings By Respondents</u>

     3.     Any pleading or other document filed by counsel for the respondents containing classified shall be filed under seal with the Court through the CSO.  The time of physical submission to the Court Security Officers shall be considered the date and time of filing.  The Court Security Officer shall serve a copy of any classified pleading or document upon petitioner's counsel at the secure facility.  At the time of making a submission to the Court Security Officer, respondents shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that a submission has been made to the CSO and specifying in general terms the nature of the filing without disclosing any potentially classified information.  Counsel for respondents shall file in the CM/ECF system a version of the pleading or document appropriate for filing on the public record, consistent with the procedures outlined in paragraphs 2.A-C.

<u>Protected Information Filings By Petitioner And Respondents</u>

     4.A.     The presence, or potential presence, of protected information in any pleading or document that is governed by paragraph 2 or paragraph 3, above, shall not affect the method of filing such a pleading or document; it shall be governed by paragraph 2 or 3, as applicable.  Any pleading or other document that contains, or petitioner's counsel or respondents have a reason to believe contains, or petitioner's counsel is uncertain as to whether it contains, protected information, but does not contain classified information, shall be filed under seal pursuant to Local Civil Rule 5.1(j).  At the time of the submission of a filing containing protected but not classified information, the party shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that a protected information submission has been made and specifying in general terms the nature of the filing without disclosing any potentially protected information. Counsel for the party submitting the protected information shall file in the CM/ECF system a version of the pleading or document appropriate for filing on the public record, consistent with the procedures outlined in paragraphs 2.A-C.

4.B.    This order shall constitute authorization for petitioner and respondents to file protected information under seal.  No motion to seal is required at the time of submission of the pleading or document to the Clerk's Office. Procedures for designation of protected information shall be governed by the Court's November 11, 2004 Order ("Order Addressing Designation Procedures For 'Protected Information'").

<u>Disclosure of Protected Or Classified Information On The Public Record</u>

5.    In the event respondents believe that a party has disclosed classified or protected information on the public docket, respondents shall notify the Court Security Officer, who shall work with the Clerk's Office to remove the filing from the public docket.  A copy of the filing shall then be lodged with the Court Security Officer and treated according to section 2.B or 2.C of this order.  Nothing herein shall limit respondents authority to take necessary remedial action to ensure the protection of the classified or protected information.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| Batarfi v. Bush | ) | Case No.  05-CV-0409 (EGS) |
| Al Habashi v. Bush | ) | Case No.  05-CV-0765 (EGS) |
| Wahab v. Bush | ) | Case No.  05-CV-886 (EGS) |
| Ahmed v. Bush | ) | Case No.  05-CV-1234 (EGS) |
| Al Sharbi v. Bush | ) | Case No.  05-CV-2348 (EGS) |
| Zuhair v. Bush | ) | Case No.  08-CV-0864 (EGS) |
| Sharifullahv. Bush | ) | Case No. 08-CV-1222 (EGS) |

_____

### [Proposed] ORDER

Upon consideration of respondents' motion to amend the protective order with respect to the procedures for filing documents before this Court, it is hereby ORDERED as follows:

1) Respondents' motion is GRANTED; and

2) Paragraphs 46 and 47 of the Amended Protective Order, and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order are VACATED; and

3)  All filings in the above-captioned cases shall be filed in accordance with Exhibit 1 attached hereto.


DATED: _____

_____
UNITED STATES DISTRICT JUDGE