IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AL HABASHI, et al., v. BUSH, et al. | ) | Case No. 05-CV-0765 (EGS) |
| AL SHARBI, et al., v. BUSH, et al. | ) | Case No. 05-CV-2348 (EGS) |
| AL SHIBH, et al., v. BUSH, et al. | ) | Case No. 06-CV-1725 (EGS) |
| ZUHAIR, et al., v. BUSH, et al.[1] | ) | Case No. 08-CV-0864 (EGS) |
| SHARIFULLAH, et al., v. BUSH, et al. | ) | Case No. 08-CV-1222 (EGS) |

**RESPONDENTS' MOTION FOR EVIDENCE THAT PETITIONER DIRECTLY AUTHORIZED THIS ACTION**

The petitioner on whose behalf this matter was instituted has not established that he wishes this case to proceed. Petitioner's counsel should be required to demonstrate direct authorization from the petitioner before merits-related matters are scheduled in this case.[2]

It is well-established that "before a federal court can consider the merits of a legal claim,

---

[1] Although styled as a petition directly authorized by the petitioner, the petition in Zuhair v. Bush, 08-CV-864 (EGS) does not attach any such direct authorization. Because a direct authorization has not been filed with the court, it is unknown whether the petitioner consents to this matter proceeding. As with the next-friend cases discussed below, petitioner should be required to demonstrate direct authorization before merits-related matters are scheduled in this case.

[2] Pursuant to Local Rule 7(m), respondents attempted to confer with counsel for petitioners prior to file filing this motion. Counsel for petitioners in Zuhair v. Bush, No. 08-cv-0864, indicated that they do not consent to this motion. Counsel for petitioners in Al Shibh v. Bush, No. 06-cv-1725, and in Sharifullah v. Bush, No. 08-cv-1222, indicated that they opposed this motion. Respondents did not receive a response from counsel for petitioners in the remaining above-captioned cases prior to the filing of this motion.

the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue" under Article III of the Constitution. *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). As a matter of Article III jurisdiction, if a habeas petition is brought by someone acting on behalf of the person for whose relief the petition is intended, this "next friend" does not become a party to the action, but "simply pursues the cause on behalf of the detained person, who remains the real party in interest;" however, next friend standing is not automatically granted to anyone who seeks to pursue an action. *Id*. at 163. Rather, consistent with the constitutional limits established by Article III, a litigant who asserts next friend standing bears the burden of satisfying the "two firmly rooted prerequisites" for next friend status articulated by the Supreme Court in *Whitmore*. Namely:

> First, a "next friend" must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Id.* at 163-64 (internal citations omitted.) *Cf.* 28 U.S.C. § 2242 (Habeas petitioner has proper standing only if the petition is "signed and verified by the person for whose relief it is intended or by someone acting in his behalf.") *See Does v. Bush,* slip copy, 2006 WL 3096685 *4-5 (D.D.C. 2006).

The instant petitions fail to meet its burden to demonstrate that the purported next friend meets either prong of the test when the detainee is available to provide his authorization for the action and has not done so. Petitioner's counsel has not filed any proof that this petition was authorized by the detainee. Consequently, the Court has no basis to conclude that the detainee

desires legal representation as a general matter or, more specifically, representation by petitioner's counsel in the present matter.

Respondents, therefore, respectfully request that this Court adopt an approach similar to that set forth by Judge Hogan in his July 29, 2008 Order in the Guantanamo Bay habeas cases that he is coordinating.[3]  There, Judge Hogan ordered that, in all cases in which a detainee is represented in the petition by a next friend, petitioner's counsel file a signed authorization from the detainee to pursue the action, within either sixty days of the order in cases filed before May 19, 2008, or ninety days in cases filed thereafter.  *In re Guantanamo Bay Detainee Litigation*, July 29, 2008 Order (Misc. No. 08-442) at 2 (dkt. no. 210).  In the alternative, Judge Hogan ordered petitioner's counsel to file a declaration stating that the detainee directly authorized counsel to pursue the action and explaining why counsel was unable to secure a signed authorization.  *Id.*  Requiring the filing of such an authorization will serve to assure the Court that the detainee does in fact desire the specific legal representation offered by counsel before proceeding to the merits of the petition.

---

[3] Respondents are aware that the Court addressed this issue in general terms in July 29, 2008 status conferences in this litigation, but request that Court consider issuing an order on this matter for the sake of administrative clarity.

Dated: August 12, 2008 						Respectfully submitted,

GREGORY KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General


  /s/ *Paul A. Dean*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
ANDREW I. WARDEN
PAUL A. DEAN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Tel:  (202) 514-1280

Attorneys for Respondents