APPROVED FOR PUBLIC FILING BY THE CSO

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED ZAID SALEM ZUHAIR, *Petitioner*, v. GEORGE W. BUSH, ROBERT GATES, REAR ADM. MARK H. BUZBY, and ARMY COL. BRUCE VARGO, *Respondents*. | Civil Action No. 08-864 (EGS) |

### EMERGENCY MOTION TO COMPEL COMPLIANCE WITH THE PROTECTIVE ORDER AND ATTORNEY-CLIENT PRIVILEGE; FOR TELEPHONIC ACCESS; FOR A HEARING; AND FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM

This motion for emergency injunctive relief arises out of a letter Petitioner Ahmed Zaid Zuhair sent to undersigned counsel on July 18 that was received on July 31, 2008. In this letter, Mr. Zuhair states that, on the night of July 17, 2008, he was threatened by two guards in Camp 6, where he is held at the U.S. Naval Station at Guantánamo Bay, Cuba. One guard threatened to kill Mr. Zuhair and chop his body into pieces. The other threatened to mutilate him by cutting off his ears and his nose. *See* Letter from Ahmed Zaid Zuhair ("Zuhair Letter"), attached as Ex. 1. The guard who threatened to kill him proceeded to read through his privileged correspondence with his attorney, page by page, and removed several of his legal papers and/or notes. *Id.* Hour after hour that night, the guards repeatedly banged on Mr. Zuhair's door to deprive him of sleep. *Id.* Mr. Zuhair's letter ends with the statement, "Right now my state of mind is not normal because I have been threatened with death by a guard. Do not send any more papers after today." *Id.*

Accordingly, Petitioner's counsel respectfully ask the Court to hold a hearing into this matter and to issue a Writ of Habeas Corpus ad Testificandum allowing Mr. Zuhair to appear via videoconference. The Court should also compel the return of Mr. Zuhair's confiscated papers and/or notes, instruct Respondents to refrain from threatening Mr. Zuhair and from reading or confiscating his privileged legal materials, and order Respondents to allow counsel regular phone access to Petitioner.

## INTRODUCTION

Mr. Zuhair's letter indicates the numbers worn by the two guards who threatened him with death and mutilation. *Id.* The two men are subordinates of Respondents, and are accountable to them. In reading through and confiscating Mr. Zuhair's legal papers, these guards violated the terms of the Protective Order as it protects the attorney-client privilege and Mr. Zuhair's constitutionally-protected right to access this Court.

The harm caused by the guards goes further, however. In Mr. Zuhair's letter, he requests that his counsel, with whom he has communicated openly for nearly a year, not send him any further legal mail. The actions of the guards have left Mr. Zuhair fearful that any further written communication with counsel will be read, confiscated, or—worse—will lead to further death threats and even physical violence. Mr. Zuhair has been held arbitrarily by the Executive for close to seven years. He has been on hunger strike for three years. Guantánamo staff have systematically withheld medical care in an attempt to break his hunger strike. Staff members have maced him in face while he was strapped to a feeding chair by six-point restraints. Guards have physically abused him.

Given his experiences in Guantánamo, and this most recent incident, Mr. Zuhair now has every reason to believe that further written communication with his lawyer will

2

lead to physical violence by Respondents' agents and absolutely no reason to believe that his legal documents will not be read and confiscated again. Without confidence that communication with counsel will not lead to further threats and violence, Mr. Zuhair is understandably reluctant to engage in the detailed and sustained written correspondence with counsel that his habeas litigation requires.

The Supreme Court has held that this Court has the jurisdiction to hear Mr. Zuhair's habeas corpus petition. *Boumediene v. Bush*, 128 S.Ct. 2229, 2275 (2008). This Court's jurisdiction is meaningless, however, if Mr. Zuhair's guards are allowed to violate attorney-client privilege, to intimidate Mr. Zuhair, and to chill his ability and desire to avail himself of judicial relief. Unless Mr. Zuhair can freely communicate with his counsel, he simply cannot present the legal and factual claims necessary to litigate his habeas petition. Unless this Court acts to reinstate Mr. Zuhair's faith in the sanctity of the attorney-client privilege and protect him from any further intimidation from his immediate custodians, the Supreme Court's order will remain unfulfilled, this Court will be unable to act on its jurisdiction, and Mr. Zuhair's right to challenge his many years of indefinite and unlawful detention rendered hollow.

Petitioner, through undersigned counsel, respectfully requests that this Court enforce the terms of the protective order, protect its own jurisdiction over Mr. Zuhair's habeas petition from the misconduct of his custodians, and preserve Mr. Zuhair's constitutional right to meaningful judicial review of his detention. Mr. Zuhair petitions this Court for narrow relief tailored to ensure that the actions of Respondents' agents at Guantánamo do not frustrate the Court's jurisdiction and Mr. Zuhair's constitutionally-protected rights.

Petitioner requests, first, that the Court hold a hearing on this matter and issue a Writ of Habeas Corpus ad Testificandum, pursuant to 28 U.S.C. § 2241(c)(5), to allow Mr. Zuhair to testify, via videoconference from Guantánamo, as to the events of the night of July 17, 2008. Doing so will allow the Court to verify the facts, the degree of harm, and the necessity of the remedies proposed. Furthermore, allowing Mr. Zuhair to appear will demonstrate to him that the Court does not take lightly infringements of its jurisdiction and of his rights.

Second, Petitioner requests that this Court order Respondents and their subordinates to return Mr. Zuhair's confiscated legal papers and to refrain from threatening to kill or mutilate him and from reading or removing his privileged legal materials.

Third, Petitioner's counsel requests that that this Court order Respondents to allow counsel regular phone access to Mr. Zuhair so he can promptly report to the Court any future misconduct by Respondents.

## ARGUMENT

Counsel for Petitioner seeks to ensure (1) that Respondents comply with the Protective Order governing this case, which they have violated in reading and seizing Mr. Zuhair's legal papers and/or notes, (2) that the actions of Respondents' subordinates do not frustrate the jurisdiction of this Court and its ability to reach the merits of Mr. Zuhair's habeas petition, and (3) that the Government does not abridge Petitioner's fundamental right to access this Court to test the legality of his detention.

Petitioner's requests are narrowly tailored and modest in comparison to the actions of Respondents' agents who have actively interfered in ongoing proceedings,

4

violated attorney-client privilege and this Court's protective order, and chilled Mr. Zuhair's ability to avail himself of his right to petition this Court. This Court has the power to fashion appropriate remedies for the harm caused by the Government, through its authority to enforce its Protective Order, the All Writs Act, 28 U.S.C. § 1651, or by issuing a Preliminary Injunction pursuant to Fed. R. Civ. P. 65. Finally, Petitioner requests that this Court hold a hearing on this matter.

### I. The Government's Examination and Seizure of Mr. Zuhair's Legal Papers Violated the Protective Order

In examining and seizing Mr. Zuhair's legal papers, the Government violated the Court's Protective Order.[1] This Court has the power and responsibility both to sanction parties that violate the Protective Order and to cure harm that may flow from these violations.

The Protective Order was judicially crafted to accommodate the needs of national security alongside the Court's power to "requir[e] additional measures to assure meaningful access" by habeas petitioners "to present their own cases." *Bounds v. Smith*, 430 U.S. 817, 824 (1977). In creating the original framework for attorney access to clients detained at Guantánamo, Judge Kollar-Kotelly made clear that "the government is not entitled to unilaterally impose procedures that abrogate the attorney-client relationship." *Al-Odah v. United States*, 346 F. Supp. 2d 1, 5 (D.D.C. 2004). Judge Kollar-Kotelly further held that Respondents may not vitiate Petitioner's right to counsel by imposing restrictions on counsel's access that "inappropriately burden" the attorney-

---

[1] The Procedures for Counsel Access are attached to the Amended Protective Order first entered by Judge Green, *In re Guantánamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. 2004). The Amended Protective Order was entered in this case by Judge Sullivan on June 25, 2008. *See*, Minute Order Granting Motion for Protective Order, *Zuhair v. Bush*, 08-CV-864 (D.D.C. June 25, 2008).

5

client relationship, *id.* at 9, and that the Court has the statutory authority "to craft the procedures necessary" to enforce petitioners' right to counsel so they may "present the facts surrounding their confinement to the Court." *Id.*

The Protective Order was carefully designed with Judge Kollar-Kotelly's ruling in mind. At the heart of the protective order is the protection of the attorney-client privilege. This privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Its purpose is to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998); *see also Lanza v. State of New York*, 370 U.S. 139, 143-44 (1962) ("[I]t may be assumed that even in a jail, or perhaps especially there, the relationships which the law has endowed with particularized confidentiality must continue to receive unceasing protection."). Mr. Zuhair's presence at Guantánamo in no way decreases the centrality and inviolability of the attorney-client privilege. *See Al-Odah*, 346 F. Supp. at 5–8 (D.D.C. 2004).

To preserve the attorney-client privilege, the Protective Order establishes a comprehensive structure of security review that begins and ends with the Privilege Review Team, which is walled off from Respondents, their agents and their attorneys. Any review of legal documents in a detainee's possession outside of this process is in violation of the Protective Order and the attorney-client privilege it protects. Legal mail sent by counsel to detainees can only be opened by the Privilege Team and reviewed for prohibited physical contraband. Authorized mail is to be forwarded to military personnel

6

in sealed and marked envelopes; Guantánamo personnel are then to deliver these envelopes to the recipient detainee without opening or reviewing them. The Revised Procedures also include rules governing material that is taken in and out of legal meetings, classification review of information communicated by detainees to counsel, provision of paper for the drafting of legal mail by detainees, and the circumstances under which phone calls between detainees and counsel may be permitted.

By reading and confiscating Mr. Zuhair's legal papers and notes, the Government violated the terms of the Protective Order and the attorney-client privilege it enshrines. At the very least, this Court must compel the Government to return Mr. Zuhair's legal papers and order additional sanctions, as it sees fit to deter the Government from any further misconduct.

## II.     This Court Should Order the Relief Sought Herein to Protect Its Jurisdiction and Mr. Zuhair's Right to Access this Court

The harm caused by the Government's agents in this matter goes beyond a violation of the terms of the Protective Order. By intimidating and threatening Mr. Zuhair, the guards chilled Mr. Zuhair's ability to communicate freely and safely with counsel. The Government has created an atmosphere of intimidation that now makes Mr. Zuhair fearful of receiving any further legal mail from his attorneys. In doing so, the Government has interfered with the Court's jurisdiction over these proceedings and has unduly trampled upon the long-held principle affording habeas petitioners access to the court through their lawyers.

Mr. Zuhair has never balked from conferring with counsel through legal mail until his life was threatened and his papers were read and confiscated. Should Mr. Zuhair continue to instruct counsel not to send him legal mail for fear of retaliation from his

7

guards, these proceedings will be severely compromised. Counsel have no telephone access to Petitioner, and access to Guantánamo itself requires negotiating extensive logistical hurdles, allowing face-to-face meetings only a few times per year. If Mr. Zuhair's habeas proceeding is to proceed meaningfully, his faith in the inviolability of the attorney-client privilege must be restored.

Returning Mr. Zuhair's legal papers and enjoining further threats and violations only constitute a first step to repairing the damage wrought by Respondents to Mr. Zuhair's relationship with counsel and this Court's ability to adjudicate this matter. Additional remedies are required. Allowing Mr. Zuhair to confer with his counsel by telephone on a regular basis, as allowed in the discretion of the Commander of JTF-GTMO under the Protective Order, is one such remedy.

The Court has the power to order such relief through its authority to enforce its Protective Order, discussed *supra* at I, the All Writs Act, 28 U.S.C. § 1651, or by issuing a Preliminary Injunction pursuant to Fed. R. Civ. P. 65.

### a. This Court has the power to protect its jurisdiction under the All Writs Act

The Supreme Court has held that Mr. Zuhair has a constitutional right to petition this Court for a writ of habeas corpus. *Boumediene*, 128 S.Ct. at 2275 (2008). If Respondents' subordinates are permitted to threaten detainees with death and physical mutilation and to read through and confiscate privileged legal papers, the holding of *Boumediene* is rendered meaningless. The guards will have created an insurmountable barrier between this Court and the discharge of its jurisdictional duties.

This Court has inherent power, under the All Writs Act, 28 U.S.C. § 1651(a), to issue "all writs necessary or appropriate in aid [of its] jurisdiction[] and agreeable to the

8

usages and principles of law." The Act "empowers a district court to issue injunctions to protect its jurisdiction," *SEC v. Vision Communications, Inc.,* 74 F.3d 287, 291 (D.C. Cir. 1996), and "to achieve the ends of justice entrusted to it." *Adams v. United States*, 317 U.S. 269, 273 (1942). Where "alternative remedies are unavailable," *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999), a court may use the Act to order appropriate relief.

Moreover, the Court of Appeals has held that district courts reviewing habeas corpus petitions filed by men held at Guantánamo retain the equitable power to issue injunctions to protect their jurisdiction over these claims. *Belbacha v. Bush*, 520 F.3d 452, 426 (D.C. Cir. 2008) (district court has jurisdiction, pursuant to All Writs Act, to issue an injunction preventing transfer of detainee where doing so would strip the court of its jurisdiction to reach the merits of the habeas petition).

The relief requested here is minimal—merely to enforce compliance with the Protective Order and Privilege, to enjoin further threats of death and mutilation, and to order Respondents to allow what the Protective Order contemplates, namely telephonic access to counsel. Section VIII(A) of the Procedures for Counsel Access allows for telephonic access to counsel in "special circumstances." Certainly, the death threats and examination and confiscation of legal papers constitute "special circumstances."

The threat to the jurisdiction of the Court is great: The actions of Respondent's agents, if they go unchecked, will create an obstacle to Mr. Zuhair's presentation of the legal claims and arguments necessary to reach a final disposition on the merits of his habeas petition.

>   **b. Mr. Zuhair meets the test for a preliminary injunction to protect his right to access the courts from undue interference by his custodians**

This Court may issue preliminary injunctions pursuant to Fed. R. Civ. P. 65 to ensure that Petitioners have access to counsel and the Court. In considering a request for preliminary injunctive relief, the Court must consider four factors: (1) whether Petitioner would suffer irreparable injury if an injunction were not granted; (2) whether Petitioner has a substantial likelihood of success on the merits; (3) whether an injunction would substantially injure other interested parties; and (4) whether the grant of an injunction would further the public interest. *See Al-Fayed v. CIA*, 254 F.3d 300, 303 (D.C. Cir. 2001). "These factors interrelate on a sliding scale and must be balanced against each other." *Serono Labs, Inc. v. Shalala*, 158 F.3d 1313, 1318 (D.C. Cir. 1998). "If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." *City Fed Fin. Corp v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995).

When the balance of hardship tips decidedly toward the movant, it will "'ordinarily be enough that the [movant] has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation.'" *Washington Metro Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977) (quoting *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740 (2d Cir. 1953)).

### i. Mr. Zuhair will suffer irreparable injury if relief is not granted

Mr. Zuhair has suffered two forms of harm. First, his confidential legal papers and notes have been read and taken from him by Respondents' agents. This has so shaken his belief in the inviolability of his attorney-client privileged materials that he no longer wishes to receive correspondence from counsel. Second, the death threats by

guards have left him fearful for his life.  Absent an injunction from this Court, Mr. Zuhair will suffer irreparable harm.  Petitioner's access to counsel and the opportunity to confer to make informed, considered decisions about litigation strategy and the presentation of factual claims is integral to both Mr. Zuhair's right to petition this court and this Court's jurisdiction over his habeas suit.

### ii.  Mr. Zuhair has a substantial likelihood of success on the merits

Courts are empowered to "requir[e] additional measures to assure meaningful access" by habeas petitioners "to present their own cases."  *Bounds v. Smith*, 430 U.S. 817, 824 (1977).  Such measures include setting forth affirmative obligations to assure all prisoners meaningful access to the courts.  *Id.*

Counsel makes this application for emergency relief because Respondents have inappropriately burdened Mr. Zuhair's indisputable right of access to counsel by intimidating and threatening him and by reading and confiscating his legal mail and papers.  By chilling Mr. Zuhair's ability to freely and safely communicate with counsel, the Government has unduly trampled upon the long-held principle affording habeas petitioners access to the court through their lawyers.  *See Geders v. United States*, 425 U.S. 80, 88-89 (1976) (holding that right to counsel encompasses right to confer with one's lawyer).  *See also Benjamin v. Fraser*, 264 F.3d 175, 186 (2d Cir. 2001) (prison restrictions may violate detainee rights to counsel and access to courts where such restrictions "significantly interfered" with attorney-client interactions).

The Government has, further, inappropriately burdened Mr. Zuhair's right to access the Court by allowing its guards to intimidate Mr. Zuhair and creating an atmosphere where Mr. Zuhair fears that his attempts to confer with counsel will place his

11

life in danger. When a custodian has failed to provide guarantees that it will protect habeas petitioners from intimidation or retaliation, the Court has the power to issue limited injunctive relief to protect the rights of the petitioner. *See Gomez v. Vernon*, 255 F.3d 1118, 1129-1130 (9th Cir. 2001) (upholding retrospective and prospective relief designed to protect petitioning prisoners from retaliation by prison officials). Accordingly, Mr. Zuhair has more than a substantial likelihood of success on the merits here.

### iii. Issuing immediate injunctive relief satisfies a strong public interest

The public interest in ensuring that Petitioner's desire and ability to access this Court is not chilled by the threats of his guards and that his attorney-client communications remain confidential is undoubtedly strong. *See United States v. Hastings*, 461 U.S. 527 (1983) (noting that there is a "strong public interest in the integrity of the judicial process"). Without faith that his access to counsel and this court will not result in his mistreatment at the hands of the Government, Mr. Zuhair's involvement in his case will be severely limited and this Court's jurisdiction threatened. Mr. Zuhair respectfully requests that the Court grant the limited requested relief, as it furthers the significant public interest in preserving the principles of access to counsel and the Court, as well as the health and safety of individuals held in United States custody.

### iv. The relief requested will not injure Government interests

As a result of Respondents' actions, counsel requests limited emergency relief that does not substantially injure, or even significantly burden, any of Respondents'

12

legitimate interests. The remedies requested are narrow and will affect only one detainee, Mr. Zuhair, because of what he has endured, and not the detainee population at large.

### III. The Court Should Hold a Hearing on this Matter and Issue a Writ of Habeas Corpus ad Testificandum to Allow Mr. Zuhair to Testify via Videoconference from Guantánamo

This Court should hold a hearing for any necessary fact-finding on this matter. If the Court should see fit to schedule a hearing, issuing a writ of habeas corpus ad testificandum would be appropriate, to allow Mr. Zuhair to appear via videoconference from Guantánamo. The writ of habeas corpus ad testificandum is issued by a federal court, pursuant to 28 U.S.C. § 2241(c)(5), to require the presence of a prisoner to testify.[2] It is within the discretion of this Court to issue a writ of habeas corpus ad testificandum. *Neufield v. U.S.*, 118 F.2d 375, 385 (D.C. Cir. 1941).

Mr. Zuhair's direct testimony is necessary for the adjudication of this motion. He is the sole witness to the actions of the guards; he has suffered harm that has chilled his desire and ability to access this Court. The cost to the Government of allowing Mr. Zuhair to testify is minimal. Mr. Zuhair can appear via videoconference from Guantánamo. There will be no transportation costs, and no concomitant security risks or

---

[2] The text of 28 U.S.C. § 2241 provides in pertinent part as follows:

§ 2241. Power to grant writ

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
. . .
(c) The writ of habeas corpus shall not extend to a prisoner unless—
. . .
(5) It is necessary to bring him into court to testify or for trial.

dangers. *See Pryor v. District of Columbia*, 2000 WL 1788112, at *1 (D.D.C. 2000) (weighing security risk, danger, and expense of transport against need for testimony when exercising discretion to issue write of habeas corpus ad testificandum).

## CONCLUSION

For the reasons above, Mr. Zuhair requests that this Court order Respondents (1) to return his legal papers, (2) to refrain from further threats and violations of the attorney-client privilege, (3) to allow regular telephonic access between Mr. Zuhair and undersigned counsel and, should the Court deem further fact-finding necessary, it should (4) hold a hearing on this matter, issuing a writ of habeas corpus ad testificandum to allow Mr. Zuhair to appear via videoconference before this Court.

Dated: August 12, 2008

                                                Respectfully submitted,

                                                ____/s/_____
                                                Ramzi Kassem
                                                Michael J. Wishnie
                                                *Supervising Attorneys*

                                                Anand Balakrishnan
                                                Madhuri Kumar
                                                Darryl Li
                                                *Law Student Interns*

                                                Allard K. Lowenstein International Human
                                                   Rights Clinic
                                                National Litigation Project
                                                Yale Law School
                                                127 Wall Street
                                                New Haven, CT 06511
                                                (203) 432-0138
                                                ramzi.kassem@yale.edu
                                                *Counsel for Petitioner*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AHMED ZAID SALEM ZUHAIR,

    *Petitioner*,

v.

GEORGE W. BUSH, ROBERT GATES,
REAR ADM. MARK H. BUZBY, and
ARMY COL. BRUCE VARGO,

    *Respondents*.

Civil Action No. 08-864 (EGS)

**[PROPOSED] ORDER TO COMPEL COMPLIANCE WITH THE PROTECTIVE ORDER AND ATTORNEY-CLIENT PRIVILEGE; FOR TELEPHONIC ACCESS; FOR A HEARING; AND FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM**

    **IT IS HEREBY ORDERED THAT**

(1) Respondent return Petitioner's legal papers;

(2) Respondent refrain from further threats and violations of the attorney-client privilege;

(3) Respondent grant Petitioner regular telephonic access to his counsel;

(4) Petitioner shall be allowed to appear by videoconference before this Court in a hearing on this matter.

Date: _____ , 2008

                                                     _____
                                                   EMMET G. SULLIVAN
                                                   United States District Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 12, 2008, I caused a true and accurate copy of Petitioner's Emergency Motion to Compel Compliance with the Protective Order and Attorney-Client Privilege; for Telephone Access; for a Hearing; and for a Writ of Habes Corpus ad Testificandum to be served upon the following counsel for Respondents by electronic filing via the Court's ECF system:

Arlene Groner, Esq.
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20530

                                                /s/
                                      MADHURI KUMAR
                                      Allard K. Lowenstein International Human
                                         Rights Clinic
                                      National Litigation Project
                                      Yale Law School
                                      127 Wall Street
                                      New Haven, CT 06511
                                      (203) 432-0138

# Exhibit 1

JUL-31-2008 14:42

NOT WRITE BEYOND HEAVY LINES

UNCLASSIFIED

الاخ رمزي قاسم بعد التحيه والاحترام

السلام عليكم

لقد جد جديد في حياتي لقد قام احد العسكر ويحمل رقم 4087 بتهديدي بالقتل في ليلة التخييم الموافق 2008-7-17 قال لي العسكري انه سيقتلني ويقطعني قطع فقال العسكري الاخر ويحمل رقم 4266 لا تقتله ولكن اقطع اذنيه وخشمه وطوال تلك الليله لم انم كل بعد سمعه من الزمن يدق الباب وهو قضني من النوم ولم انم في تلك الليله

وكذلك قام بتفتيش الاوراق في الليل ورقه ورقه وقراء الاوراق واخذ بعض الاوراق من ماء اعطيني فمزقت الاوراق التي بقيت

وانا الان حالتي النفسيه غير عاديه لاني مهدد بالموت من قبل العسكري فلا ارسل بعد اليوم اوراق

احمد ربيع

18-7-2008

UNCLASSIFIED

Reverse of DA FORM 1567-R, May 82

TOTAL P.02

To my brother Ramzi Kassem, with greetings and respect, may peace be upon you:

A new development in my life: One of the guards, number 4087, threatened to kill me on Thursday night, 17 July 2008. The guard told me that he will kill me and chop me my body into pieces. The other guard, number 4266, said: Don't kill him, but cut off his ears and his nose. That whole night I did not sleep. Every hour, he banged on the door and woke me throughout the night so I did not sleep at all that night.

That night, they also searched my papers, sheet by sheet, reading them and taking some of them away. This angered me so much that I tore up the remaining papers.

Right now my state of mind is not normal because I have been threatened with death by a guard.

So do not send any more papers after today.

Ahmed Zaid
18 July 2008

# CERTIFICATE OF TRANSLATION

I, _Teeb Al-Samarrai_, am competent to translate from Arabic into English, and certify that the translation of Ahmed Zaid Zuhair's Letter to Attorney Kassem is true and accurate to the best of my abilities.

_____
(signature)

_Teeb Al-Samarrai_
(typed/printed name)

_20 York St._
(address of translator)

_New Haven, CT 06510_
(address of translator)

_(203) 777-7884_
(telephone number of translator)