APPROVED FOR PUBLIC FILING BY THE CSO

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED ZAID SALEM ZUHAIR,<br><br>*Petitioner*,<br><br>v.<br><br>GEORGE W. BUSH, ROBERT GATES, REAR ADM. DAVID M. THOMAS, and ARMY COL. BRUCE VARGO,<br><br>*Respondents*. | Civil Action No. 08-864 (EGS) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioner Ahmed Zaid Salem Zuhair respectfully calls the Court's attention to the order of the United States Court of Appeals for the District of Columbia Circuit reinstating the decisions of the Court of Appeals in *Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir. 2007) (*Bismullah I*) and *Bismullah v. Gates*, 503 F.3d 137 (D.C. Cir. 2007) (*Bismullah II*). *See Bismullah v. Gates*, No. 06-1197 (D.C. Cir. Aug. 22, 2008) (copy attached). This order is relevant to the issue of the Government's discovery obligations, which were discussed in the briefs filed in response to the Court's July 30, 2008 Order.

The Court of Appeals' order in *Bismullah* confirms the Government's obligation to preserve and produce all information in its possession in proceedings under the Detainee Treatment Act of 2005 (DTA), Pub. L. No. 109-148, § 1005(e)(2), 119 Stat. 2742-43 (Dec. 30, 2005). *See Bismullah I*, 501 F.3d at 192 ("We conclude the record on review consists of the Government Information, that is, all 'reasonably available information in the possession of the

U.S. Government bearing on the issue of whether the detainee meets the criteria to be designated as an enemy combatant.'"). Both the Supreme Court and the D.C. Circuit have recognized that the DTA involves *less* searching review than is required on habeas. *See Boumediene v. Bush*, 128 S. Ct. 2229, 2266 (2008) ("[T]he procedures adopted [in the DTA] cannot be as extensive or as protective of the rights of the detainees as they would be in § 2241 proceedings."); *Parhat v. Gates*, No. 06-1397, 2008 WL 2576977, at *15 (D.C. Cir. June 20, 2008) ("The habeas proceeding will have procedures that are more protective of Parhat's rights than those available under the DTA.").

In light of this recent order, the Government's argument that they should produce only exculpatory material that they happen to encounter as they compile factual returns makes even less sense. *See* Gov't Br. Re. Preliminary and Procedural Framework Issues 29. The Government has urged this Court to disregard the Circuit's holding in *Bismullah I* and *II*, in part because those opinions had been vacated by the Supreme Court. *Id.* at 30. The Circuit's decision to reinstate the decisions obviates this concern and establishes that the *Bismullah* decisions provide a "helpful guidepost for determining the scope of disclosure or discovery in habeas proceedings." *Id.* at 30. Accordingly, to be consistent with the holdings of *Boumediene* and *Parhat*, which call for *more* rigorous habeas review, the Court should order the Government to search for and produce all exculpatory information—if not all information—that is "reasonably available" to the Government and that bears on the Petitioner's detention.

Dated: August 26, 2008

                Respectfully submitted,

                ____/s/_____
                Ramzi Kassem
                Michael J. Wishnie
                *Supervising Attorneys*

                Anand Balakrishnan
                Madhuri Kumar
                Darryl Li
                *Law Student Interns*

                Allard K. Lowenstein International Human Rights
                    Clinic
                National Litigation Project
                Yale Law School
                127 Wall Street
                New Haven, CT 06511
                (t) (203) 432-0138
                (f) (203) 432-1222
                (e) ramzi.kassem@yale.edu

                *Counsel for Petitioner*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 26, 2008, I caused a true and accurate copy of Petitioner's Notice of Supplemental Authority to be served upon the following counsel for Respondents by electronic filing via the Court's ECF system:

Terry M. Henry, Esq.
U.S. Department of Justice
Civil Division
20 Massachusetts Avenue, NW
Washington, DC 20530


      _____/s/_____
RAMZI KASSEM
Allard K. Lowenstein International Human Rights
   Clinic
National Litigation Project
Yale Law School
127 Wall Street
New Haven, CT 06511
(203) 432-0138

# United States Court of Appeals
### For The District of Columbia Circuit

_____

| | |
|---|---|
| **No. 06-1197** | **September Term 2007** |
| | **CSRT-ISN-968** |
| | **Filed On:** August 22, 2008 |

Haji Bismullah, also known as Haji Bismillah, also known as Haji Besmella and Haji Mohammad Wali, Next Friend of Haji Bismullah,

    Petitioners

    v.

Robert M. Gates, Secretary of Defense,

    Respondent

    **BEFORE:**    Ginsburg, Henderson*, and Rogers, Circuit Judges

### O R D E R

Upon consideration of petitioners' motion to reinstate the court's decisions in Bismullah I and Bismullah II, the response thereto, and the reply; and respondent's cross-motion to modify the protective order to conform to the Supreme Court's ruling, and the response thereto, it is

**ORDERED** that the motion to reinstate the court's decisions be granted. The Clerk is to note the docket accordingly. It is

**FURTHER ORDERED** that the cross-motion to modify the protective order be dismissed as moot.

**Per Curiam**

                                                     FOR THE COURT:
                                                   Mark J. Langer, Clerk

                                                   BY: /s/
                                                   Nancy G. Dunn
                                                   Deputy Clerk

---

\* Judge Henderson would deny the motion to reinstate the court's decisions and would grant the cross-motion to modify the protective order.