IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

AHMED ZAID SALEM ZUHAIR, *et al.*  )
        Petitioner,  )
                         )
      v.  )
                         ) Civil No. 08-CV-0864 (EGS)
GEORGE W. BUSH, *et al.*  )
                         )
                         )
        Respondents  )

_____)

## RESPONDENTS' STATUS REPORT

Pursuant to the Court's July 31, 2008 Order (dk. 27), undersigned counsel for respondents state as follows:

### Background

1)      Respondents filed a status report on July 14, 2008 (dk. 20).  In that report, respondents stated that (a) petitioner is the sole detainee-petitioner in this habeas corpus case; (b) he had been determined to be an enemy combatant by a Combat Status Review Tribunal (CSRT) in October 2004; (c) no duplicate petitions had been filed on his behalf; and (d) the Court had made three specified procedural orders, originally issued in 2004, applicable to this case.  This status report concerns events subsequent to that report.

### Recent Events

2)      On July 24, 2008 (dk. 23), the Court solicited the parties' views as to what impediments prevented resolution of the case. The Government responded that it

had not yet filed a factual return, and that various procedural issues had not been resolved, and that this Court should coordinate its resolution of the procedural issues with Judge Hogan. (dk. 25.) Petitioner responded that the Government had not filed a factual return, and should be required to submit its CSRT record as the factual return. (dk. 26.) Petitioner also maintained that the proceeding should not be delayed by the common resolution of procedural issues because some would not apply in the instant case. Petitioner also acknowledged that his request for access to medical records might impede the proceeding. (dk. 26.)

3) The Court called for briefing as to procedural issues. (dk. 27.) The Government promptly filed a brief on those issues that it had filed in other proceedings (dk. 29), and later filed a more comprehensive brief in this and other cases pending before Judge Sullivan (dk. 39). Petitioner also submitted a brief. (dk. 44.)

4) On August 5, 2008, the Government moved to correct or amend the protective order in multiple cases. (dk. 30.) Petitioner opposed the motion in part (dk. 47), and the motion remains pending.

5) Petitioner moved for leave to place a telephone call (dk. 31), but later withdrew the motion (dk. 46).

6) The Government moved for evidence that petitioner has authorized this action. (dk. 34.) Petitioner's counsel filed a statement, apparently signed by petitioner, authorizing the action. (dk. 48.) Accordingly, the Government hereby withdraws the motion.

7)      Petitioner filed several motions pertaining to conditions of confinement, medical

records, and telephonic access to counsel.  (dk 35, 37.)  The Government opposed

the motions (dks. 50-51), which remain pending.

8)      The Government moved to dismiss all respondents other than the Secretary of

Defense, including the President, as improper.  (dk. 36.)  Petitioner did not oppose

the motion insofar as it sought to dismiss inferior DoD officials.  Petitioner

opposed the motion, however, insofar as it sought to dismiss the President,

contending that the Government might transfer petitioner from DoD custody to

another Government agency.  (dk. 49.)  The motion remains pending.

9)      The Government's factual return is due September 19, 2008.

**Government's Efforts to Improve Attorney Visitation Procedures**

The undersigned understand that DoD has undertaken taken the following steps to

improve and streamline habeas attorney access to detainees at Guantanamo in light of the habeas

proceedings:

10)     In an effort to assist counsel in traveling to Guantanamo, DoD will be making

certain pre-existing military transport flights available for habeas counsel use.

Space for habeas counsel will be available on these flights (subject to military

necessity), that depart from Andrews Air Force Base early on Tuesday mornings

and will leave Guantanamo on Thursday afternoons.  The fee for such travel is

approximately $350 each way.  Counsel may make arrangements for such flights

through the Guantanamo habeas visit coordinator's office.

3

11)    With respect to time slots available for counsel visits with detainees at
       Guantanamo, Guantanamo has recently increased the number of slots available
       and, to date, these slots have been adequate to support visit requests.

12)     Where a case-specific need can be demonstrated, DoD also will attempt to
       accommodate extended visit hours during the day or visits on weekends.

13)    DoD is in the process of installing multiple secure telephone lines in the secure
       habeas work facility and at Guantanamo, so that habeas counsel can speak with a
       represented detainee by telephone in lieu of a visit to Guantanamo.

14)    With respect to improving the time taken for delivery of habeas counsel's
       presumptively classified counsel notes to the U.S. after a visit with a detainee at
       Guantanamo, DoD is taking a number of steps to facilitate counsel's ability to
       receive and use such materials in a timely fashion.  Heretofore, such materials
       were sent by certified mail from Guantanamo to the secure habeas work facility
       outside Washington, D.C., with counsel able to request classification review of
       the notes once they arrived. [1]

       a.  DoD, however, has now stationed a member of the Privilege Team at
       Guantanamo, so that he can, at counsel's request and where exigency exists,
       review counsel meeting notes at Guantanamo.  Where determined to be
       unclassified, the notes are returned to and may be used by counsel outside any

---

[1] *See In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174, Exhibit A §§ VI, VII
(D.D.C. Nov. 8, 2004) (Protective Order permitting counsel to request classification review by
Privilege Team of counsel notes so as to permit counsel's use of unclassified information outside
the facility).

classified setting, including being brought out of Guantanamo in counsel's briefcase.  Following the on-island review, counsel notes determined to be classified by the Privilege Team member can then be secure faxed to the habeas counsel work facility so that counsel can have immediate access to them upon their arrival at the facility.

b.  DoD has also established a courier system to transport counsel notes and detainees' legal mail to the secure facility every two weeks.  This courier system will also, upon counsel request, transport counsel's legal mail to Guantanamo during these courier runs.

In addition, DoD continues otherwise to examine its visit facilities and practices

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

in order to identify areas that may need adjustment or revision in order to

streamline counsel visit procedures.

Dated: September 2, 2008                    Respectfully submitted,

                                            GREGORY KATSAS
                                            Assistant Attorney General
                                            DOUGLAS N. LETTER
                                            Terrorism Litigation Counsel

                                            */s/ James E. Cox, Jr.*_____
                                            JOSEPH H. HUNT (D.C. Bar No. 431134)
                                            VINCENT M. GARVEY (D.C. Bar No. 127191)
                                            JUDRY L. SUBAR (D.C. Bar No. 347518)
                                            TERRY M. HENRY
                                            ANDREW I. WARDEN
                                            SCOTT M. MARCONDA
                                            JAMES E. COX, JR.
                                            Attorneys
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            P.O. Box 883
                                            Washington, DC  20044
                                            Tel:  (202) 514-3969

                                            Attorneys for Respondents