APPROVED FOR PUBLIC FILING BY THE CSO

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED ZAID SALEM ZUHAIR,<br><br>    *Petitioner*,<br><br>v.<br><br>GEORGE W. BUSH, ROBERT GATES, REAR ADM. MARK H. BUZBY, and ARMY COL. BRUCE VARGO,<br><br>    *Respondents*. | Civil Action No. 08-864 (EGS) |

## PETITIONER'S SEPTEMBER 2, 2008 STATUS REPORT

Pursuant to the Court's Order of July 31, 2008, Petitioner Ahmed Zaid Zuhair, through his attorneys, provides the following Status Report regarding issues that require the Court's attention. As ordered by the Court, this Report includes a discussion of the Government's efforts to streamline and improve attorney visitation procedures.

**A.    Respondents Have Not Filed the Full CSRT Record As Ordered By the Court**

In its July 31, 2008 Order, the Court directed the Government to "file the [CSRT] report for Petitioner by August 12, 2008." Order at 4. However, the Government has withheld the entire classified portion of the CSRT Record, which has not been produced in this proceeding to counsel at the Secure Facility, as instructed by this Court. Indeed, although in its Notice of Filing of Combatant Status Review Tribunal Record (Dkt. No. 40) the Government states that the classified CSRT Record "is being made available to petitioner's counsel who have been issued security clearances, consistent with the applicable protective order[,]" the Record has not been

produced at the Secure Facility. Counsel for Petitioner visited the facility on August 22, 2008 and the classified CSRT Record had not been submitted.

Moreover, although the Government filed a version of the unclassified portion of the CSRT Record in Mr. Zuhair's case as ordered (Dkt. No. 40), even that portion of the Record remains incomplete. The Government in this Court submitted less than what it produced in Mr. Zuhair's proceedings under the Detainee Treatment Act in the Court of Appeals. Specifically, the unclassified CSRT Record filed before this Court does not include CSRT Record Item No. 18, listed as Exhibit R9 in the Certified Index to the Record filed publicly by the Government in Mr. Zuhair's DTA proceeding on August 10, 2007 and described as an FBI 302 Report marked Law Enforcement Sensitive ("LES"), dated June 15, 2002 and consisting of 3 pages, Bates-stamped 000033-000035.[1] *See* Certified Index to the Record, attached as Ex. 1. Nothing in the Protective Order entered in this case prevents the inclusion of these documents in the unclassified portion of the CSRT Record ordered produced in this proceeding.[2] The Court should require the Government to produce immediately the full record of Petitioner's CSRT without modifications. .

On August 19, 2008, counsel for Mr. Zuhair corresponded with the Department of Justice via email, describing the discrepancy in the unclassified CSRT Record submitted and reminding

---

[1] Should it wish Petitioner to treat the classified CSRT Record and the unclassified LES documents produced in the DTA proceedings as the classified CSRT Record and as the remainder of the unclassified CSRT Record in this proceeding, respectively, the Government would have to move the Court of Appeals in order to abide by §7E of its Amended Protective Order entered in *Bismullah v. Gates*, No. 06-1197 (D.C. Cir. Oct. 23, 2007), and in Mr. Zuhair's DTA proceeding, *Zaid v. Gates*, No. 07-1221. That provision prohibits the use of protected information—and, by extension, classified information—obtained in the course of DTA proceedings in "any other litigation or proceeding, except by leave of the court." It would be far simpler for the Government to produce that information in the present proceeding, as ordered by this Court.

[2] If the Government wishes to contend that the unclassified materials marked LES that it has already produced to counsel and the Court of Appeals in another proceeding ought to be treated as protected information in this proceeding, then it should follow the procedure established by the Court for the designation of protected information, *see* section C below, rather than withhold the documents in question. Even protected information is not to be withheld under the Protective Order.

2

opposing counsel that the documents in question are unclassified and should be produced to the Court and to Petitioner's counsel. *See* Aug. 19, 2008 Email, attached as Ex. 2. To date, we have not received a response from the Government regarding the incomplete unclassified CSRT Record.

Because this Court ordered production of the complete CSRT Record, the Government should make available forthwith both Petitioner's classified CSRT Record and the aforementioned missing pages from the unclassified portion of that Record. The complete CSRT Record is essential, as that record was held out for years as the sole basis for Mr. Zuhair's detention.

**B.    Respondents Should Not Be Permitted To Make Ex Parte Filings**

The Government's Notice of Filing of CSRT Record does not clearly state that the copy of the classified CSRT Record that was submitted to the Court for *in camera* review is identical to the copy that has yet to be submitted to undersigned counsel and the Notice's reference to "information suitable for disclosure to counsel under seal" in that context could be taken to imply that there exists a subset of information that the Government wishes to submit to the Court while withholding it from Petitioner's counsel.

To the extent that there is any difference between the version submitted to the Court and the classified version Petitioner's counsel hopes to receive soon, both the Government and this Court should refrain from relying on the evidence that can only be found in the *ex parte* version until the issue of the propriety of such redactions is resolved in *Al Odah*, which is presently on appeal. *Al Odah v. United States*, 05-5117 (D.C. Cir.). Counsel for Petitioner has security clearance—accordingly, all information regarding Mr. Zuhair that the Government wishes to rely

upon before this Court should be available for counsel to review and rebut. Anything less falls short of the fair habeas hearing ordered by the Supreme Court.

C.  **Protective Order Procedures For the Designation Of Protected Information Must Be Respected**

The Government's August 12, 2008 Notice of Filing of CSRT Record ignores the procedures for designating protected information that govern this case. The Government states that "Respondents have designated certain highlighted, unclassified information in the CSRT record as 'protected information,'" but Respondents have no such unilateral designation authority under the Protective Order. Indeed, under the November 10, 2004 Order Addressing Designation Procedures For "Protected Information," entered by this Court in this case on June 25, 2008, only the Court can designate information as protected, if both parties agree to treat the information as such, or if the party seeking the designation moves for it after its attempt to reach agreement has failed.

Respondents' footnote that Petitioner's counsel "shall treat such information as 'protected' unless and until the Court rules that the information should not be designated as 'protected'" further misappropriates the Court's authority and mischaracterizes the Protective Order's burden distribution. Respondents are in no position to unilaterally determine that information is protected, as the Protective Order clearly vests that authority with the Court, not the parties. Equally important, in the event of a disagreement among the parties as to the status of information, the burden is not on Petitioner's counsel to move the Court for a ruling that the information is not protected; rather, it is incumbent on the party seeking the designation—in almost all instances, the Government—to move the Court for a determination that it is protected.

Only when Respondents abide by the Protective Order's terms is Petitioner's counsel obligated to treat information as presumptively protected pending resolution by the Court of

Respondents' application for designation. Respondents have neither attempted to obtain undersigned counsel's agreement nor have they moved the Court with regard to the information described in their Notice.[3] Accordingly none of the incomplete records provided thus far contains protected information.

**D.     Respondents Must Facilitate Petitioner's Access to Legal Assistance**

Numerous unnecessary obstacles impeding the attorney-client relationship subsist. These hurdles are all within the exclusive control of the Government who should move to clear them immediately so that the prompt and meaningful hearings envisioned by the Supreme Court can occur.

(1) Slow visitation approval procedures should be improved and streamlined to yield a definitive answer on particular visit requests within one week of the submission of such requests by habeas counsel to the Department of Defense.

(2) The Government should make available to counsel for all petitioners seats on military transport or chartered flights out of Andrews Air Force Base to Guantánamo. Military and civilian defense counsel and other personnel for the military commissions as well as civilian observers have access to such flights, whereas habeas counsel have to contend with the logistical complexities of finding seats on one of two private carriers who run antiquated propeller-planes with a dozen seats to GTMO out of Fort Lauderdale.

(3) Habeas counsel should also be afforded extended client visitation hours while at the base, beyond the presently permitted six and a half daily hours and to include weekends, upon request without more.

---

[3] In fact, to the extent that information is highlighted in the classified CSRT Record, Petitioner's counsel has not even seen that information yet as that portion of the Record has not been produced.

5

(4) Moreover, arrangements should be finalized forthwith to allow unlimited, secure and privileged telephone or videoconference communications between habeas counsel and their clients, as a complement to on-base visits.  One call per client should be permitted every two weeks at the very least, with the possibility to request additional calls within that period upon a showing of need to the Privilege Review Team.

(5) Finally, it has come to undersigned counsel's attention that Respondents are severely restricting Mr. Zuhair's access to his legal papers.  Mr. Zuhair is allowed only one hour a day with his legal papers; this is not nearly enough time for him to prepare adequately for his habeas hearing.  This Court should order the Government to place no limitations on Mr. Zuhair's ability to review his legal materials.  This unreasonable restriction severely undermines Mr. Zuhair's ability to avail himself of counsel's assistance and to participate meaningfully in the habeas proceedings before this Court.

**E.    The Government Should Employ Humane Methods Of Force-Feeding While Petitioner Continues His Hunger Strike**

Mr. Zuhair remains on hunger strike in protest of his indefinite detention without charge and continues to be subjected to brutal force-feeding techniques, including being strapped in the six-point restraint chair twice a day for hours.  Guantánamo staff also use medically inadequate procedures while inserting plastic tubes in Mr. Zuhair's now-inflamed nostrils to force-feed him.

Since the time Mr. Zuhair began his hunger strike over three years ago, the force-feeding regimen has increased in brutality in a bid to break his will.  Mr. Zuhair is painfully strapped in a six-point restraint chair for four hours a day and plastic feeding tubes are shoved up his nostrils and down into his stomach.  Further, Guantánamo staff refuse to utilize any lubricant or lozenges while shoving the force-feeding tube into his nose during his twice-a-day feeding sessions.  These force-feeding procedures are unnecessarily brutal.

There exist more humane methods of administering force-feeding and, in fact, previous practices at Guantánamo were far less brutal than the ones presently in use. In the first period of Mr. Zuhair's hunger strike which began in June 2005, he was force-fed on a bed, with one hand cuffed to one side of the bed and one leg cuffed to the other end of the bed. This proved effective and Mr. Zuhair put up no resistance. Indeed, even the Government's medical expert acknowledges that Mr. Zuhair does not resist force-feeding. Resp't Opp. to Pet'r Mot. to Compel Complete Medical R. Ex. 1 ("Meneley Decl.") ¶17. Hence, there never was a need for the excessively brutal forcible restraints and practices deployed against Petitioner daily.

Moreover, Guantánamo staff's feeding practices are unacceptable for reasons going beyond the use of restraints. Petitioner's ailments have continued unabated and are likely caused by the inappropriate use of feeding tubes. The nurses use the same feeding tubes for 15 days and only change them upon request by the detainee. The staff also wash all the feeding tubes used on all detainees who are force-fed in the same bucket after each feeding session, greatly increasing infection risks. Further, staff always leave Petitioner's box containing his syringe and feeding tube open and exposed to dust and various iguanas and rodents that can wander into the clinic at will as its doors and windows are open at all times.

Respondents' agents should use sterilized needles and fresh feeding tubes at each feeding, as medically required. The previous, more humane procedures should be reinstated as there is no medical justification for the current brutal method of force-feeding, especially since it is undisputed that Mr. Zuhair does not resist force-feeding.

**F.     Petitioner Reserves the Right To Request An Extension For the Filing Of His Traverse Or Motion For Judgment**

In light of this Court's August 25, 2008 *sua sponte* Minute Order granting Respondents an additional three weeks to file their factual return in this case, Petitioner reserves the right to

7

request a similar extension, if necessary. Although such an extension, if sought and granted, would cause some delay in Petitioner's habeas proceeding, Mr. Zuhair is entitled to sufficient time to present any evidence that may reasonably bear on his designation as an "enemy combatant." Mr. Zuhair wants a meaningful opportunity to "deny any of the facts set forth in the return or allege any other material facts." 28 U.S.C.§ 2243, ¶ 6. Petitioner has the utmost interest in promptness, but does not wish to pursue speedy process at the expense of fairness.

Dated: September 2, 2008

                            Respectfully submitted,

                            ____/s/_____
                            Ramzi Kassem
                            Michael J. Wishnie
                            *Supervising Attorneys*

                            Anand Balakrishnan
                            Madhuri Kumar
                            Darryl Li
                            *Law Student Interns*

                            Allard K. Lowenstein International Human Rights
                                Clinic
                            National Litigation Project
                            Yale Law School
                            127 Wall Street
                            New Haven, CT 06511
                            (203) 432-0138
                            ramzi.kassem@yale.edu
                            *Counsel for Petitioner*

**CERTIFICATE OF SERVICE**

   I hereby certify that on September 2, 2008, I caused a true and accurate copy of Petitioner's September 2, 2008 Status Report to be served upon the following counsel for Respondents by electronic filing via the Court's ECF system:

Arlene Groner, Esq.
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, NW
Washington, DC 20530


        ___/s/_____
        Madhuri Kumar
        Allard K. Lowenstein International Human Rights
         Clinic
        National Litigation Project
        Yale Law School

**EXHIBIT 1**



U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue, N.W. Room 7241
Washington, D.C. 20530-0001

Tel: (202) 514-3427
Fax: (202) 514-8151

August 10, 2007

Mr. Mark J. Langer
Clerk, United States Court of Appeals for the D.C. Circuit
United States Courthouse
333 Constitution Avenue, N.W., Room 5423
Washington, D.C. 20001

Re: <u>Zaid v. Gates, No. 07-1221 (D.C. Cir.)</u>

Dear Mr. Langer:

Please find enclosed for filing a certified index of the record considered by the Combatant Status Review Tribunal in the above-referenced case. Please note that the record index does not include any additional material that may be required under this Court's recent decision in *Bismullah v. Gates*, No. 06-1197 and *Parhat v. Gates*, No. 06-1397 (D.C. Cir. July 20, 2007). We are studying the *Bismullah* decision and how it impacts on the record in this case. We may be filing an amended certified index as soon that process is complete.

Thank you for your attention to this matter.

Sincerely,

Lowell V. Sturgill Jr.
Attorney, Appellate Staff
Civil Division

enclosure

cc:  Ramzi Kassem
Fordham University School of Law
33 West 60th Street
Lincoln Square Legal Services
3d Floor
New York, NY 10023
(212) 636-6934

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

AHMED ZEID SALEM ZOHAIR, )
)
)
Petitioner, )
)
v. )
) No. 07-1221
)
ROBERT M. GATES, )
Secretary of Defense, )
)
)
Respondent )
)

---

**CERTIFIED INDEX TO THE RECORD**

Pursuant to the provisions of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, § 1005(e)(2) (2005), and Rule 17 of the Federal Rules of Appellate Procedure, the Department of Defense hereby certifies that the materials listed and described below are the complete records upon which the final decisions of the Combatant Status Review Tribunals (CSRTs) were entered in this case.

### A. CSRT RECORD FOR ZOHAIR, AHMED ZEID SALEM (ISN 669)

| Record Item No. | Description |
|---|---|
| 1. | MEMORANDUM FROM DIRECTOR, COMBATANT STATUS REVIEW TRIBUNAL (CSRT), REGARDING REVIEW OF CSRT FOR ISN 669<br>Dated 16 January 2005<br>1 page (000001) |
| 2. | MEMORANDUM FROM ASSISTANT LEGAL ADVISOR, FIRST ENDORSEMENT, REGARDING LEGAL SUFFICIENCY REVIEW OF CSRT FOR ISN 669<br>Dated 13 January 2005<br>2 pages (000002-000003) |
| 3. | MEMORANDUM FROM DIRECTOR, CSRT, REGARDING CONVENING AUTHORITY APPOINTMENT OF CSRT # 7<br>Dated 13 September 2004<br>1 page (000004) |

4. MEMORANDUM FROM THE OFFICE OF THE ADMINISTRATIVE REVIEW OF THE DETENTION OF ENEMY COMBATANTS (OARDEC) FORWARD COMMANDER, REGARDING CSRT RECORD OF PROCEEDING FOR ISN 669
Dated 8 December 2004
1 page (000005)

5. COVER SHEET BY CSRT PRESIDENT, REGARDING THE TRIBUNAL'S DECISION FOR ISN 669 (CLASSIFIED SECRET//NOFORN)
Undated
1 page (000006)

6. UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL'S DECISION FOR ISN 669, SIGNED BY CSRT PRESIDENT
Undated
3 pages (000007-00009)

7. CLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION FOR ISN 669, SIGNED BY CSRT PRESIDENT (CLASSIFIED SECRET//NOFORN)
Undated
2 pages (000010-000011)

8. DETAINEE ELECTION FORM (UNCLASSIFIED//FOUO)
Dated 2 November 2004
1 page (000012)

9. RECORDER EXHIBIT LIST FOR CSRT FOR ISN 669 (CLASSIFIED SECRET/NOFORN)
Undated
1 page (000013)

10. EXHIBIT R1 – SUMMARY OF EVIDENCE FROM OFFICER-IN-CHARGE, CSRT (UNCLASSIFIED)
Dated 26 October 2004
1 page (000014)

11. EXHIBIT R2 - FBI REQUEST FOR REDACTION OF NATIONAL SECURITY INFORMATION (UNCLASSIFIED)
Dated 25 October 2004
2 pages (000015-000016)

12.     EXHIBIT R3 – DOCUMENT ON TERRORISM, DOMESTIC, POLITICAL (UNCLASSIFIED)
Dated 20 December 1997
2 pages (000017-000018)

13.     EXHIBIT R4 – DOCUMENT ON TERRORISM, DOMESTIC, POLITICAL (UNCLASSIFIED)
Dated 19 December 1997
2 pages (000019-000020)

14.     EXHIBIT R5 – DOCUMENT ON TERRORISM, DOMESTIC, POLITICAL (UNCLASSIFIED)
Dated 27 December 1997
2 pages (000021-000022)

15.     EXHIBIT R6 – DOCUMENT ON CRIME, DOMESTIC, POLITICAL (UNCLASSIFIED)
Dated 18 September 1998
1 page (000023)

16.     EXHIBIT R7 – DOCUMENT ON PEACEKEEPING, TERRORISM, INTERNATIONAL POLITICAL, URGENT (UNCLASSIFIED)
Dated 1 December 1999
2 pages (000024-000025)

17.     EXHIBIT R8 – DOCUMENT ON DOMESTIC POLITICAL, INTERNATIONAL POLITICAL, TERRORISM (UNCLASSIFIED)
Dated 8 March 2002
7 pages (000026-000032)

18.     EXHIBIT R9 – FBI FD 302 (FOUO//LES)
Dated 15 June 2002
3 pages (000033-000035)

19.     EXHIBIT R10 – KNOWLEDGEABILITY BRIEF (CLASSIFIED SECRET//NOFORN)
Dated 30 December 2002
3 pages (000036-000038)

20.     EXHIBIT R11 – SUMMARY INTERROGATION REPORT (CLASSIFIED SECRET//NOFORN)
Undated
3 pages (000039-000041)

21. EXHIBIT R12 – KNOWLEDGEABILITY BRIEF (CLASSIFIED SECRET//NOFORN)
Dated 21 June 2002
2 pages (000042-000043)

22. EXHIBIT R13 – SUMMARY INTERROGATION REPORT (CLASSIFIED SECRET//NOFORN)
Dated 5 February 2003
4 pages (000044-000047)

23. EXHIBIT R14 – SUMMARY INTERROGATION REPORT (CLASSIFIED SECRET//NOFORN)
Dated 10 August 2002
2 pages (000048-000049)

24. EXHIBIT R15 – ENEMY COMBATANT REVIEW CHECKLIST (CLASSIFIED SECRET//NOFORN)
Dated 14 June 2002
1 page (000050)

25. EXHIBIT R16 – CITF COMMANDER ASSESSMENT MEMO (CLASSIFIED SECRET//NOFORN)
Dated 17 June 2004
3 pages (000051-000053)

26. EXHIBIT R17 – JTF GTMO-CG RECOMMENDATION MEMO (CLASSIFIED SECRET//NOFORN)
Dated 22 October 2004
6 pages (000054-000059)

27. EXHIBIT R18 – JTF-GTMO IDENTIFICATION AND ASSESSMENT RECORD (CLASSIFIED SECRET//NOFORN)
Undated
2 pages (000060-000061)

28. PERSONAL REPRESENTATIVE REVIEW OF THE RECORD OF PROCEEDINGS FOR ISN 669
Dated 8 November 2004
1 page (000062)

29. CD CONTAINING THE UNCLASSIFIED PORTION OF THE CSRT FOR ISN 669 (Note – produced by copying from a high-speed recorder onto a CD)
1 CD

30. CD CONTAINING THE CLASSIFIED PORTION OF THE CSRT FOR ISN 669 (Note – produced by copying from a high-speed recorder onto a CD)
1 CD

*[signature]*
BREE A. ERMENTROUT
CDR, JAGC, USN
Staff Judge Advocate
HQ OARDEC, Washington, D.C.

**EXHIBIT 2**

Case 1:08-cv-00864-EGS    Document 55-3    Filed 09/03/2008    Page 1 of 2

**Kassem, Ramzi**
___

| | |
|---|---|
| **From:** | anand.balakrishnan@gmail.com on behalf of Anand Balakrishnan [Anand.Balakrishnan@yale.edu] |
| **Sent:** | Tuesday, August 19, 2008 8:58 PM |
| **To:** | arlene.groner@usdoj.gov; Subar, Judry (CIV); paul.dean@usdoj.gov; Terry.Henry@usdoj.gov |
| **Cc:** | Kassem, Ramzi; Darryl Li; Madhuri Kumar |
| **Subject:** | CSRT record in Zuhair v. Bush, No. 08-864 |

Counsel,

We received the unclassified portion of the CSRT record you filed in Mr. Zuhair's habeas case. There is a discrepancy in the record that we wanted to bring to your attention. In Mr. Zuhair's DTA case, the unclassified portion of the CSRT record provided by the DoJ included documents Bates-stamped "00032," "00033," "00034," and "00035."

Nothing prevents the inclusion of these records in the unclassified portion of the CSRT filed with this Court -- as has already been done before the U.S. Court of Appeals for the D.C. Circuit.

Please let us know when you can provide us with the remainder.

Thanks,

Anand Balakrishnan
Law Student Intern
Allard K. Lowenstein International Human Rights Clinic
National Litigation Project
Yale Law School