IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED ZAID SALEM ZUHAIR, | |
| Petitioner, | |
| v. | Civil Action No. 08-864 (EGS) |
| GEORGE BUSH, et al., | |
| Respondents. | |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO AMEND THE PROTECTIVE ORDER WITH RESPECT TO FILING OF DOCUMENTS BEFORE THIS COURT**

Through their Motion to Amend the Protective Order With Respect to Filing of Documents Before This Court, Respondents seek to honor the Court Security Officer's ("CSO") request that the filing process under the existing Protective Order regime be streamlined. (*See* Memo. Order incorporating *In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. 2004) ("Protective Order").) Presently, nearly all of the pleadings or other documents must be filed under seal with the Court through the Court Security Officer ("CSO"). (*Id.* ¶ 46.) Once received by the CSO, the filings then go through the classification review process described in the Protective Order. (*Id.* (requiring the examination of filings to determine whether they contain classified or protected information).) Under Respondents' proposed amendment, where the petitioners' counsel believe a filing does not contain any classified or protected information, the petitioner's counsel would have authorization to circumvent the classification review process and file the submission directly through the Court's CM/ECF system. (Resp'ts' Mot., Ex. 1 ¶ 1.) And where the filings have protected, but not classified, information, these filings would be filed

pursuant to Local Rule 5.1(j).  (*Id.* ¶ 4.).  The new filing procedures, therefore, would vest Petitioner's counsel with discretion to submit filings that they believe do not contain protected or classified information directly through the Court's CM/ECF system.  In streamlining the filing process, however, Respondents seek a mechanism that accounts for disclosure of classified or protected information by explicitly enabling the CSO and the Clerk of Court to take steps to remove any document from the public docket that contains classified or protected information. Resp'ts' Mot., Ex. 1 ¶ 5.)

Petitioner objects to one aspect of this mechanism and proposes a "slight modification" that would require Respondents "to make a prompt showing, within 24 hours, to the Court and Petitioner's counsel, that the document at issue contained information that [is] classified or . . . protected." (Pet'r's Resp. 2.)  In reality, Petitioner's proposed modification is anything but "slight."  Under the existing regime, nearly all of the petitioners' filings must go through the process of review.  (Protective Order ¶ 46.)  Under Respondents' proposed amendment, only a small subset of all filings would require review, but to protect against the potential inadvertent disclosure of classified or otherwise protected material, the modified Protective Order, just as the one presently in place, would allow Respondents to have classified or protected information removed from the public record to protect it from inappropriate exposure.  As proposed by Petitioner, that provision would need to be followed, within 24 hours, by a showing that the document contained classified or protected information.  (Pet'r's Resp. 2.)  Because Respondents would need to act quickly whenever they determine that information that should not be disclosed might have made it onto the public record, Petitioners' proposal that Respondents follow such action with an explanation for it within one calendar day, regardless of what other litigation

events might be happening, is as unworkable as it is unnecessary. Petitioners have shown no need for any such time period at all, let alone one so short. Therefore, and because Petitioners' proposal could actually limit the ability of Respondents and this Court to control the publication of classified material on the public record, Respondents' motion regarding modification of the Protective Order should be granted, and Petitioners' proposed modification of the Protective Order should be rejected.

Dated: September 3, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General


   s/ Sean W. O'Donnell
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
ANDREW I. WARDEN
SEAN W. O'DONNELL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel: (202) 305-4880
Fax: (202) 616-8470

Attorneys for Respondents