**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

————————————————————— )
AHMED ZAID SALEM ZUHAIR,             )
                                     )
                Petitioner,          )
                                     )
                                     )   Civ. No. 08-0864 (EGS)
         v.                          )
                                     )
GEORGE W. BUSH, *et al.,*            )
                                     )
                Respondents.         )
————————————————————— )

## ORDER

To the extent that this Order conflicts with any Order issued in this case on April 30, 2009, this Order supercedes the previous Order.  Pursuant to the motions hearing held in open court on April 30, 2009, and upon consideration of a number of motions and pleadings pending before the Court, the oppositions thereto, and the replies in support thereof, and based on the Court's continuing efforts to provide the Petitioner with a timely resolution of his pending *habeas corpus* petition, while at the same time respecting and protecting any compelling national security interests, it is hereby

**ORDERED** that the government's *ex parte* motion for reconsideration regarding the government's obligation to produce certain exculpatory evidence related to the allegations withdrawn from the factual return is **GRANTED.**  It is further

**ORDERED** that the government shall produce all discovery it

has agreed to produce to the Petitioner, specifically, RFP
Numbers 1 - 6, 8 - 10, 17 - 22, 26 - 42, 47, and 48.  It is
further

    **ORDERED** that the information responsive to those discovery
requests shall be produced on a rolling basis, but that
production shall conclude by no later than May 30, 2009, the date
suggested by the government.  The Court accepts counsel's
representations that the government is working in good faith to
provide the relevant discovery as quickly as possible.  It is
further

    **ORDERED** that the government shall conduct a search of all
reasonably available databases and sources of information for
exculpatory and/or impeachment evidence pertaining to all fact
witnesses relied upon by the government in its factual return.
The search must include the databases referenced in Mr. Terry
Henry's March 27, 2009 Declaration, and any additional reasonably
available databases or sources where the information would likely
be found.  The production must also include any exculpatory
and/or impeachment information discovered by the government
attorneys while preparing the factual return and while litigating
habeas corpus petitions filed by other detainees at Guantanamo
Bay, as well as any evidence discovered during the ongoing review
of Guantanamo cases ordered by President Obama on January 22,
2009.  Exculpatory evidence includes, but is not limited to,

evidence that casts doubt on a speaker's credibility, evidence that undermines the reliability of a witness's identification of the petitioner, and/or evidence that indicates a statement is unreliable because it is the product of abuse, torture, and/or mental or physical incapacity.  It is further

**ORDERED** that the exculpatory and/or impeachment evidence regarding the government's fact witnesses shall be produced by no later than May 30, 2009.  In order to carry out the Court's judicial obligations to determine the lawfulness of Petitioner's detention, the Court must evaluate the credibility and reliability of the government's evidence relied upon to justify his detention.  The government filed its factual return in August 2008, which included information from several fact witnesses. The government was ordered to produce exculpatory evidence in October 2008.  There have been countless discussions, motions, and orders pertaining to the production of exculpatory evidence since that time.  Moreover, some exculpatory evidence pertaining to these fact witnesses has been produced in other habeas cases. Therefore, it is reasonable to require the production of all such information by May 30, 2009.  It is further

**ORDERED** that with respect to RFP Numbers 11 - 15 and 43 - 45, the government shall certify to the Court by no later than May 30, 2009, that an appropriate official(s) with the requisite understanding of the law and facts pertaining to this case has

reviewed the unredacted documents and determined that there is no additional information in the documents that is relevant to Petitioner's case.  Any relevant information shall be produced to the Petitioner's counsel by no later than May 30, 2009.  It is further

**ORDERED** that by no later than May 30, 2009, the evidence requested in RFP Numbers 16, 23 - 25, and 49 shall be produced or made available for inspection if it is in the government's possession.  It is further

**ORDERED** that any remaining RFPs are **DENIED without prejudice** subject to a motion for reconsideration setting forth the specific reasons that Petitioner believes the requested information is critical to a merits determination and, if appropriate, a proffer as to why the Petitioner has a good faith basis to believe such evidence exists.  Petitioner is cautioned that any such motion will almost certainly result in a delay of the merits hearing date established by this Order.  It is further

**ORDERED** that any motions for reconsideration of this Order shall be filed by May 8, 2009, responses by May 13, 2009, and replies by May 15, 2009.  It is further

**ORDERED** that the procedural and legal framework for the merits hearing will be as follows:

1.   The government bears the burden of proof by a preponderance of the evidence that the Petitioner's detention is lawful.

2.   There will be a rebuttable presumption of authenticity as to

4

any statements or documentary evidence the government
presents if the government establishes that the presumption
is necessary to alleviate an undue burden presented by this
particular case. Petitioner will be afforded an opportunity
to rebut the presumption.

3.   Upon the request of either the Petitioner or the government,
the Court may admit and consider hearsay evidence that is
material and relevant to the legality of the Petitioner's
detention, if the movant establishes that the hearsay
evidence is reliable and that the presentation of evidence
in compliance with the Federal Rules of Evidence would
unduly burden the movant or pose an unwarranted risk to
national security.  The party opposing admission will have
the opportunity to challenge the credibility of, or weight
to be accorded, such evidence.

4.   As for the structure of the merits hearing, the government
will go first, because it bears the burden of proof,
followed by the Petitioner, and the government will be
afforded the opportunity to put on a rebuttal case.  Because
counsel have more familiarity with the merits hearings that
have been done in other cases, the Court welcomes their
suggestions for conducting a hearing under these unique
circumstances.

5.   Petitioner will not have access to classified portions of
the hearing.  However, the parties are directed to structure
their presentation of argument and evidence to afford the
Petitioner access to non-classified portions of the hearing
to the greatest extent possible.  Petitioner will be
afforded the opportunity to testify, if he so chooses.  The
Court Security Office is directed to work with counsel and
the appropriate agencies to ensure that counsel have a
secure line of communication with their client at all times
during the proceedings.

It is further

**ORDERED** that pursuant to the hearing on April 30, 2009, the

Petitioner is directed to file a pleading on the scope of

authority by no later than May 8, 2009, addressing the

government's revised definition of an enemy combatant, Judge

Walton and Judge Huvelle's opinions on this issue cited during

the hearing, and any other relevant points and authorities.  The government's response shall be filed by no later than May 15, 2009.  The Petitioner's reply shall be filed by no later than May 20, 2009.  It is further

ORDERED that a Merits Hearing is scheduled for June 30, 2009 at 10:00 a.m.  Any additional motions shall be filed by no later than noon on June 8, 2009, all responses by noon on June 15, 2009, and all replies by noon on June 18, 2009.  The government's witness and exhibit lists shall be filed by June 8, 2009, and the Petitioner's witness and exhibit lists shall be filed by June 15, 2009.  It is further

ORDERED that upon consideration of the evaluation and report submitted by Dr. Emily Keram on April 29, 2009, in which Dr. Keram identifies certain medical reasons that the use of the restraint chair during enteral feedings is detrimental to Petitioner's health, and in view of the fact that for more than two months Petitioner's feedings have taken place in a hospital bed, the government shall provide notice to the Court if at any time the government intends to resume use of the restraint chair during Petitioner's enteral feedings, and articulate the reasons for that decision.

SO ORDERED.

SIGNED:   Emmet G. Sullivan
          United States District Judge
          May 1, 2009